## PRESTON R. ANDERSON and Others *vs.* JOHN B. BROWN and EDWIN H. BROWN, Trustees.

*Devise and Legacy—Devise to Children with Remainders to Survivors in Case of Death Without Issue—Survivorship—Defeasible Estate.*

A testator devised certain land to his eight children and their heirs and assigns, and provided that in case of the death of any one of the children without leaving issue the share of the one so dying should go to the survivors ; and the will also directed that this principle of survivorship should apply to all accumulations by survivorship until the death of all such children as might die without issue. The land was sold under a bill for partition and the above mentioned children, all of whom were of age, asked that the proceeds of sale be paid to them upon their executing a joint release and quit-claim deed to each other. *Held,*

1st. That the devisees took estates in fee, as tenants in common, defeasible as to each upon his or her death without issue, in which event the share of the person so dying passed to the survivors, so that the last survivor took his estate, including that which survived to him, in fee absolutely.

2nd. That it was not the intention of the testator that in the case of the death of one child without issue, his share should go in part to the issue of pre-deceased children, but nothing could pass to the issue of a pre-deceased child except that which the parent was entitled to at the time of his death.

3rd. That the word survivor as used in the will meant the survivors of the children named as devisees, and did not include the issue of a deceased child as a surviving line of heirs.

Appeal from the Circuit Court for Queen Anne's County. The bill in this case was filed by one of the appellants against the others as devisees under the will of Wm. J. Anderson, asking for a sale of the real estate of said testator and a division of the proceeds among the parties entitled. The will of W. J. Anderson, who died in 1881, contained the following provisions :

"1st. Having already advanced to my son, William J. Anderson, what I estimate and consider to be his full share and interest in my estate and property, I leave him nothing by this will, it being my will and desire that he shall not further participate in the enjoyment or ownership of my property.

2nd. In case I shall hereafter advance to any other of the children hereinafter named his or her equivalent in my opinion and estimation of my estate, I do will and devise that such child or children shall not participate in the devises or bequests hereinafter made, and that they shall be considered as if he, she or they had never been mentioned in said devises and bequests. In the event of any such advancement, I purpose to take the receipt of such child or children, evidencing the advancement.

3rd. I do give and devise all my real estate (excepting the Sandtown or Millington property) to my wife, Frances A. Anderson, so long as she shall live or remain a widow, and I do hereby provide a home with her and moderate and proper support and maintenance on said property for such of my children as may not receive advancement, so long as they shall remain unmarried and obedient, dutiful and willing to assist their mother in the cultivation and management of said property or the work about the house. At her death or in case of her marriage, I do give and devise to the following children, Preston Anderson, Martha Anderson, Nellie Anderson, Charles Anderson, George Anderson, Mary Anderson, Frances Anderson and Henry Anderson, unless I shall have advanced to them as hereinbefore provided, the aforesaid real estate to them and their heirs and assigns forever, and in case of the death of any one of them without issue living at the time of his or her death, I do give and devise his or her share to the survivor or survivors, and this principle of survivorship I do direct to apply to any and all accumulations by survivorship, not only to the original shares, but to all accretions by survivorship until the death of any and all of such children as may die without issue at the time of his or her death.

4th. In case of the marriage of my wife, I do will and devise that she shall only be entitled to her thirds or legal interest in my real estate aforesaid, and that subject thereto the devises over or in remainder shall go into immediate effect.

5th. In case I shall not have sold my Sandtown or Millington property at the time of my decease, I do will that it shall be sold by some one to be named by the Orphans' Court for Queen Anne's County to execute this will, and that my wife shall receive one-third thereof, and the residue shall be divided among the children named in the third item of this will, to whom, at my death, I shall not have made his or her advancement as aforesaid."

The real estate which passed under the third provision of the will consisted of a farm of 130 acres, situated in the county aforesaid. Under the bill filed in this case the said farm was sold by John B. Brown and Edwin H. Brown, trustees, and realized, after payment of all costs and expenses, the sum of $13,651.60. All the children of William J. Anderson, aforesaid, are living and of age, and all, with the exception of William G., on October 23, 1895, filed a petition in this cause, asking that the money aforesaid, realized from the sale of the real estate, be delivered over to them by the said trustees, upon their executing a joint release and quit-claim deed, one to the other.

The Court below (WICKES, J.) dismissed the petition, holding that the word "survivor" in the will should be construed so as to apply to the issue of pre-deceased children, and that the release tendered by the petitioners would not bind those who might, under certain contingencies, be entitled to a portion of the fund.

The cause was argued before McSHERRY, C. J. BRYAN, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*James P. Gorter* (with whom was *Hope H. Barroll* on the brief), for the appellants, cited: 2 *Jarman on Wills* (6 ed.), 1512, 1514; *Theobald on Wills*, 468; *Wake* v.

*Varah*, 2 Ch. Div. 335 ; *Crowder* v. *Stone*, 3 Russ. 217 ; *Ranelagh* v. *Ranelagh*, 2 M. &. K. 441 ; *Greenwood* v. *Percy*, 50 Beavan, 572 ; *Smith* v. *Osborne*, 6 H. L. C. 376 ; *Benn* v. *Benn*, 29 Ch. Div. 839 ; *Turner* v. *Withers*, 23 Md. 18 ; *Hilleary* v. *Hilleary*, 26 Md. 274 ; *Stead* v. *Platt*, 18 B. 50 ; *Beckwith* v. *Beckwith*, 46 L. J. Ch. 97 ; *Pomfret* v. *Graham*, 19 Ch. Div. 186 ; *Twist* v. *Herbert*, 28 L. T. N. S. 489 ; *Leeming* v. *Sherratt*, 2 Ha. 14 ; *Lee* v. *Stone*, 1 Ex. 676 ; *Re Corbett's Trust*, Johns, 591 ; *Maden* v. *Taylor*, 45 L. J. Ch. 569.

*John B. Brown* and *Edwin H. Brown*, for the appellees, submitted the case on their brief.

The children named in the third item desire by virtue of mutual transfers and releases and by releases to the trustees having charge of the fund, and by the order of the Court to relieve the fund of any possible hold thereon under the provisions of the will and enjoy the same at once in proportionate parts, with absolute power of disposition thereof in fee. They have made application to the lower Court to that effect and the application has been refused and this appeal has consequently been taken. The ground of the decision of the lower Court is, that *other than the children named are embraced within the provisions of the devise in the limitations over*, that the rights of issue of children who may predecease other children are involved. In other words, as long as any of the children survive and as long as it is possible for any of the children to die before any of the other children and leaving issue, and other children to die without issue, there is doubt as to the ultimate devolution of the property or funds under the will. Besides, as all the estate is clothed with the character of a defeasible fee, ultimately the whole devise may be defeated and there may arise a case of intestacy and those who may at the time sustain the relation of heirs at law to the testator when the contingency happens may be entitled to take the whole estate, the final provision being " *until the death*

*of any and all children as may die without issue living at the death.*"

The following intents seem to be apparent in this third item or clause.

*First.*—The intention to give to each and every child named a fee in a proportional part of the property in case they, each and all, die leaving issue living at their respective deaths. Of course this could only be determined by the death of each and all with issue surviving.

*Second.*—In case of the death of any one or more of the children with issue living at the time of the death, he or she should be possessed of and entitled to the fee in the proportional part then held by him or her whether consisting of only the original share or said share enlarged by accretions.

*Third.*—In case of the death of any one of the children without issue living to give his or her share, consisting of the original portion or as enlarged by accretions to the children still surviving and to the issue of any child or children who may have deceased with issue living, the accretions or accumulations in the hands of the survivors being clothed with the character of defeasibility attaching to the original shares until the last child shall have died with or without issue.

*Fourth.*—In case of the death of all except one without issue living and then his or her death with issue living, that the one so last dying should be possessed of, and entitled to, a fee in the whole property.

*Fifth.*—In case of the death of one or more with issue living and then the death of one or more or all of the others without issue living to give to the issue of the predeceased children the proportional parts with their several accretions, if any, as one or more or all may die without issue as aforesaid.

*Sixth.*—We hold that in the case of the death of one and then another and finally the remaining child, all without issue living, the testator will have died intestate as to the

whole estate, his evident intent and purpose being that as long as the eight children or any one of them, or any issue of them live, they should enjoy the estate.    In the case of the death of all without issue, the estate given would be defeated, the line of succession as provided in the will being exhausted, and in this event the heirs at law of the testator would take.

PAGE, J., delivered the opinion of the Court.

William J. Anderson died in 1881, leaving a widow and nine children.    After his death his property was sold under a decree of the Circuit Court for Queen Anne's County, and the proceeds thereof are now in the hands of the appellees trustees.    The petitioners, who claim to be legally entitled to the fund, allege in their petition that they have jointly and severally agreed that each shall be paid the proportion to which they may now be entitled, and to surrender and release all their several or joint rights of survivorship to the said fund, and to deliver to the trustees such releases as may be requisite to discharge them from further liability.    Whether they are so entitled depends upon the construction to be be placed upon the provisions of the will of the deceased.    By the first and second clauses of his will the testator declares his desire that William J. Anderson, his son, to whom he had made advancements equal to his full share of the estate, shall not further participate in his property, and that any other of his children to whom he should thereafter advance an equivalent (in his opinion) of his or her full share, shall be considered as if he or she had never been mentioned in the devises thereinafter contained.    By the third section he gives his real estate (except the Millington property) to his wife for life or widowhood, and provided for the " moderate and proper support and maintenance on said property for such of his children as may not receive advancement, so long as they shall remain unmarried and obedient," &c., and at the death or marriage of the widow he devises the property to his

eight children (not including William), " to them *and their heirs and assigns forever*, and in case of the death of any one of them without issue living at the time of his or her death, I do give and devise his or her share to the survivor or survivors, and this principle of survivorship I do direct to apply not only to the original, but to all accretions by survivorship until the death of any and all of such children as may die without issue at the time of his or her death." By the fourth clause he desires his wife shall take her thirds only, if she marry again ; and that, subject thereto, the devises " over or in remainder shall go into immediate effect." By the fifth, he directs the Millington property to be sold, and of the proceeds, one-third to his wife, and the residue to the children named in the third clause of his will, to whom he shall not have made advancements. By the sixth he disposes of his personalty, to his wife for life or widowhood, " to keep together " for managing, etc., the real estate, and at her death or marriage to be divided among the children mentioned in the third clause who have received no advancement. " In case of the death of any such child or children before the death of their mother without issue, the part he would take to go to the survivors. In case of the death of any one leaving issue, the issue to take the parent's place in the division." And by the seventh and last clause, in case his wife shall marry, she is to receive her thirds in his personal estate, and the bequests to the children to take immediate effect.

The appellees contend that under a proper construction of this will the petitioners cannot effectively release the trustees, and are not entitled to have distribution of the fund, because the testator intended that the defeasibility attaching to the several shares should continue till the last child died without issue, and therefore to effectuate that intention, in case of the death of one or more with issue living, and then the death of one or more or all of the others without issue, the issue of the predeceased children would take a proportional part of the share or accretions

thereof of the ones so dying without issue; and also, in case all the children mentioned in the third item of the will died without issue, the line of succession as provided by the will would be exhausted, the fee-simple be defeated, and a contingency not contemplated by the testator would arise, and the property would in that event pass to such heirs at law of the testator as would answer the description when the contingency happened.

Now, the determination of this question thus presented is purely a matter of what the testator himself intended. If a general intent can be gathered from a fair consideration of the whole will, when taken in connection with the relations of the testator to the objects of his bounty, such intent must prevail, unless some positive rule of law intervene to prevent. Here the devise is to the eight children in fee, as tenants in common, and in the event of the death of any one of them without issue living at the time of his death, then his share to the survivor or survivors. If the word "survivor" is to be taken in its ordinary meaning, it is obvious that no one can take but one who answers the description of the parties named as devisees, viz., the survivor or survivors of the eight children named in the third clause of the will. *Turner* v. *Withers*, 23 Md. 41; *Moale* v. *Moale*, 16 Jur. 1010.

Now, to meet this difficulty and to carry out the intention which it is insisted is to be found in the will, the appellees argue, the word "survivor" should be regarded in this case as synonymous with "other." It is undoubtedly true that in order to carry out the intention of the testato this has sometimes been done. "But," says REDFIELD in his *Treatise on Wills*, vol. 2, p. 272 (3d ed.), "it seems to be now established by numerous decisions that the same rule of construction will be applied to the word 'survivors' as to any other. It will be received in its natural and literal import unless there is something in the context or attending circumstances tending to a different conclusion."

"To construe it as equivalent to 'other,'" said the LORD

CHANCELLOR LYNDHURST in *Crowder* v. *Stone*, 3 Russ. 217, "is a construction which the Court may sometimes be compelled to adopt in order to accomplish the intention which appears on the whole will." 2 *Jarman*, 648 (ed. 1861).

All the cases to which we have been referred or examined in which "survivor" has been construed as the equivalent of "other" appear to have been so decided because there was something in the will to make it clear that the testator intended the issue of predeceased children to take, or that some other clearly expressed intention would otherwise be rendered inoperative. We refer to some of the cases: *Wilmot* v. *Wilmot*, 8 Vesey, 10 ; *Ranelagh* v. *Ranelagh*, 2 My. & K. 441 ; *Leeming* v. *Sharratt*, 2 Hare, 14; *Aiton* v. *Brooks*, 7 Sim. 204 ; *Marriott* v. *Abell*, L. R. 7 Eq. 478 ; *Badger* v. *Gregory*, L. R. 8 Eq. 78 ; *Benn* v. *Benn*, 29 Ch. Div. 844 ; *Pomfret* v. *Graham*, 19 Ch. Div. 191 ; *Re Usticke*, 35 Beav. 338 ; *Nevell* v. *Bodam*, 28 Beav. 554.

In *Twist* v. *Herbert*, 28 L. J. R. 490, we have from the LORD CHANCELLOR the following remark. Whether it can be taken as a rule of construction or not, it commends itself as sound and pertinent to this case. "It is," said he, "not a safe mode of construction to take a single reason which contributed to a conclusion in a particular case and elevate it into a canon of construction, which is to rule all other cases to which that reason alone would apply." The words survivor or survivors "are to be taken in their natural or primary sense, except when there is some reason which justly leads to another conclusion."

In this case the scheme of the will is fully apparent and is maintained consistently to the end of the instrument. After excluding those of his children, who had received or should receive advancements, and giving an estate for life or widowhood to his widow in all his property, real and personal (except the Millington lot), he devises his whole estate, by several clauses, to his eight children, whom he names, in fee, with a conditional limitation, viz., that if any

one die without issue living at his death his share to go to the survivor or survivors, and the concluding part of the third clause then declares " that the accumulations and accretions shall be affected by the same principle of survivorship." Now, we can find in this devise no intention on the part of the testator to do more than divide his property among those of his children who had received no advancements. If one died leaving issue, such issue are to take the parent's share; if without issue, then the share is to go to the surviving children. In the sixth clause, in disposing of his personalty, his language is unmistakable: " In case of the death of any such child or children before the death of their mother, without issue, the part he would take to go to the survivors. In case of the death of any one leaving issue, the issue to take the parent's place in the division." It is obvious the parent would take only such share as he would be entitled to at the period of his death ; and if this be so, nothing could come to the issue of predeceased children except that which the parent possessed or was entitled to at the time of his death.

We do not think there is anything in the language relating to the accretions, which affects this construction. The testator had already stated how he desired the *corpus* of his estate to go, and now he declares that he desires the same rule of transmission shall apply to the accretions. There is no gift over in any part of the will, in the event of the death of all the children, without issue. He had given the whole estate to them, in fee, as tenants in common, with cross-remainders between them ; so that the survivor or survivors should take the shares of those who died without issue living at the time of their death.

We do not think the argument is sound, that the estate of the last survivor would be defeated upon his death, without leaving issue. The Master of the Rolls dealt very effectively with a contention of this kind in *Maden* v. *Taylor,* 45 L. J. Ch. 572. There the devise was to trustees, in trust for four nieces for their respective lives, as tenants in

common ; on the death of any of them, to the children of the person so dying ; and on the death of any without issue, then to the " survivor or survivors."   " Does anyone," says he, " doubt that a gift to the survivor of ten people, of a sum of money or an estate with no previous gift at all, vests the sum of money or estate absolutely in the last liver.   It is quite true, that the last liver does not survive himself, but he survives all the rest, and in that sense is a survivor."

Much stress was laid by the appellees upon the cases of *Doe* v. *Wainwright*, 5 T. R. 427, and *Smith* v. *Osbourne*, 6 H. L. Ca. 375.   These properly belong to a particular class of cases, in which *Waite* v. *Littlewood*, L. R. 8 Ch. App. 70; *Wake* v. *Varah*, 2 Chan. Div. 355, and many others cited in chapter 47 of 2 *Jarman on Wills*, may be included. As a resume of them all, that learned author says : "It may, therefore, apparently be taken as settled, with regard to the cass of cases now und er consideration, that in order to read the expression, ' survivors,' as meaning ' others,' there must be a gift over, or some other indication of manifest intention to oust the ordinary interpretation."   In the case of *Wake* v. *Varah* (*supra*), the devise was to trustees, to pay the income equally among his three children, during their respective lives; at the death of each, his share to go to his issue ; and if any child died without issue, then to the survivor or survivors, during their respective lives ; and if all died without issue, then for the representatives of the survivor.   It was held there was a fair inference, that there should be equality " between the *stirpes* ; " but this conclusion, it was expressly stated, did not follow from the use of the words " survivor or survivors," but the next provision supplied the necessary clue, viz., the gift over.   But even the ultimate gift over is not always sufficient ground for altering the construction of the words, when no other reason can be found for so altering. *Twist* v. *Herbert* (*supra*).

In this class of cases, much importance is laid on the peculiar devise, viz.: that the first taker receives only a life estate, with remainder to survivors—and on failure of

issue, an ultimate gift over.    In such cases cross-remainders between the *stirpes,* would be created in order to effectuate the intention of the testator to provide as much for the issue as for the children.    In *Doe* v. *Wainwright,* the Court said that the meaning of the word "surviving," standing in this context is, that on the death of one child without issue, that portion shall go to the "surviving line of heirs."    *Re Corbett's Trusts,* Johnson's Ch. Rep. 597. But in the case at bar these features are wanting.    The children here take estates in fee, in common, defeasible on the death of any one without leaving issue ; and there is no gift over, on an entire failure of issue.

In this State, however, a doctrine broader even than that recognized in these cases, seems to have been laid down in the case of *Turner* v. *Withers,* 23 Md. 18.    There the testator devised his real and personal estate to his wife and five children—to each, one-sixth part for life—and in case either died without children or descendants alive at his or her decease, the part of the one so dying to be divided among the remaining children for their lives ; in case of death with children, then to the children per *stirpes* and not *per capita* ; and in case of the death of all the children without issue, over to another, in fee.    One of the children died in 1852, leaving children, and in 1860 another died, without children ; and the question was, whether under the will, the issue of the child who died in 1852 were entitled to a share of the estate of the child who died in 1860.    Here then were many of the conditions upon which the English Courts have construed the devise to create cross-remainders between the *stirpes,* as well as between the children.    But this Court held, that the issue of the child dying in 1852 could not take as devisees under the will, nor by descent from their parent ; not by descent, because the parent had only a life estate; not under the will, because the remainder was granted by the terms of the will to his "remaining children."    And no one could take by purchase, as devisee under the will, unless he answered to the "description of the parties as devisees."

Under the will in this case, we are of opinion the petitioners mentioned in the third item took an estate in fee, as tenants in common, defeasible as to each, on his or her death without issue, in which event the share of the person so dying passed to the survivor, so that the last survivor took his estate, including that which survived to him, in fee absolutely. For these reasons we must reverse the decree of the lower Court and remand the cause for further proceedings, in conformity with the views herein expressed.

*Decree reversed and cause remanded.*