## VIRGINIA MAY HENDERSON ET AL.

### *vs.*

## CATHERINE E. HENDERSON ET AL.

*Wills: construction; "remaining son," equivalent to surviving son; intestacy, presumption against.*

A testator by her will created a trust in favor of her daughter for life, and a separate trust, of the residue of her estate, for the equal benefit of her two sons for their respective lives; after other provisions for the distribution of the part of the estate left in trust for the daughter, it was provided that upon the death of either of the sons the half of the residuary estate held in trust for his benefit should go to his issue who might reach the age of 21 years; a subsequent clause provided that in case either son should die without leaving children or descendants thereof living at the time of his death, or should so leave such child, children or descendants of such, who should all subsequently die under 21 years of age and without leaving issue, then in trust, that the one-half of the estate so mentioned should go to the remaining son, and his heirs, executors, administrators and assigns forever. The daughter survived the two sons; one son died leaving a son who attained the age of 21 years, when the other son of the testator died without leaving issue: *Held,* that the words "remaining son," as used in the clause mentioned had the effect of "surviving son," and did not have the effect of "other son," and that when the second son died without issue his share of the property did not devolve upon the nephew.                                    p. 311

As to such share, there was an intestacy, and the property devolved upon the aunt and nephew, they being heirs at law of the testatrix.                                    p. 314

While every presumption is to be made against an intestacy, where the will purports to dispose of the residue of the estate, yet such presumption does not change the clear effect of the language the testator has chosen to employ.          pp. 313-314

*Decided June 28th, 1917.*

Appeal from the Circuit Court of Baltimore City. (STUMP, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Raymond S. Williams* and *Arthur W. Machen, Jr.,* (with whom were *Slingluff & Slingluff* and *A. Dana Hodgdon* on the brief), for the appellants.

*C. Morris Harrison* (with whom was *Robert Lee Gill* on the brief), for the appellees.

URNER, J., delivered the opinion of the Court.

The will of Virginia C. Henderson, a resident of the City of Baltimore, who died in the year 1892, created a trust of a portion of her estate in favor of her daughter, Virginia M. Henderson, for life, and a separate trust of the residue of the estate for the equal benefit of her sons, Henry C. Henderson and George B. Henderson, for their respective lives. It was provided that upon the death of the daughter the estate held in trust for her during her life should go to her issue living at the time of her death who might attain the age of twenty-one years, but if no such issue should survive, then the property should vest in her two brothers already named as tenants in common. There is a provision also that upon the death of either of the two sons, the half of the residuary estate held in trust for his benefit should go to his issue who

might reach the age of twenty-one years. The clause to be construed in this case then follows:

"But in case either of my sons mentioned in this article of my will shall depart this life, without leaving a child or children, or descendant or descendants thereof living at the time of his death, or in case he should leave a child or children, or descendant or descendants thereof living at the time of his death, and such child or children, and descendant or descendants, shall all subsequently depart this life under twenty-one years of age, and without issue living at the time of his, her or their respective deaths, then in trust, that the one moiety or half of the estate or property in this article of my last will mentioned shall go to and become the property of my remaining son, and his heirs, executors, administrators and assigns forever."

Virginia M. Henderson is still living. George B. Henderson died in the year 1902 leaving a son, George Stewart Henderson, who is now twenty-five years of age. Henry C. Henderson died in March, 1916, without issue, and the question to be determined relates to the proper disposition of the portion of the estate in which he had a life interest. It is claimed in its entirety by George Stewart Henderson, as the sole surviving issue of his deceased father, on the theory that it has passed to him, upon his uncle's death without issue, in view of the provision of the will that in such a contingency the property should go to the "remaining son" of the testatrix, "and his heirs, executors, administrators and assigns forever." This theory is opposed by the testatrix' daughter, Virginia M. Henderson, who asserts that as her brother, George B. Henderson, was not living when the life estate of her brother, Henry C. Henderson, expired, the former did not answer to the description of the "remaining son" to whom, and his heirs, executors, administrators and assigns, the estate in remainder was devised and bequeathed, and that consequently a condition of intestacy exists as to that portion of the estate, as a result of which it has vested

equally in herself and her nephew as the decedent's only next of kin and heirs at law.

The decision of the question thus presented depends upon the effect to be given the word "remaining" in the clause we have quoted. The nephew's contention is that it was intended to be understood in the sense of "other," while the aunt's theory is that it was used as the equivalent of "surviving." If the former interpretation is adopted, and the limitation is construed as being in effect, to the "other" son, upon the death of one without issue, it is assumed and urged that no contingency of survivorship prevented the vesting of the remainder in the other son prior to the period of his brother's death. But if the term "remaining" is interpreted as "surviving," then the vesting of the remainder in either son would depend upon his actually surviving the son who died without issue.

The will provides that in the event just indicated, "then" the designated portion of the trust estate should "go to and become the property of" the "remaining son." This strongly suggests that the vesting was to be upon the basis of a status existing at the time when the contingency of the death of a son without issue occurred. The word "remaining" involves the idea of continuance in the same state or position. *Century Dictionary; Webster's New International Dictionary.* The son in whom the interest in remainder was intended to vest, on the occurrence of the contingency mentioned, was the son then "remaining." A son who had previously died could not answer to that description. The term evidently is synonymous with "surviving" in the sense in which it is here employed. This is the sense in which it has been understood by this Court in other cases in which testamentary limitations have been construed. In *Turner* v. *Withers,* 23 Md. 41, the Court said: "We are of opinion that by the words 'remaining children' the testator intended those children who might remain alive at the death of the first devisee for life— surviving children. This is the natural and ordinary meaning of the words, and we find nothing in the will to warrant

any other interpretation." In that case the interests devised to the "remaining" children were for their lives, and this in itself was conclusive as to the intention that only surviving children should be entitled to such estates. But the definition there given of the term "remaining" is equally appropriate to the will now being construed. In *Wilson* v. *Bull,* 97 Md. 128, a devise of life estates to the testator's children was followed by a contingent limitation, upon the death of one without issue, to the testator's "surviving child or children." This was held to mean that "whenever one of his children should die leaving no child or children surviving, then his remaining children or his surviving children should take the share of the child so dying."

If in this case the remainder had been limited to the *surviving* son of the testatrix, it clearly could not be held to have vested in a son who died before the period when the contingency was to be determined. The cases of *Wilson* v. *Bull, supra; Anderson* v. *Brown,* 84 Md. 261, and *Hill* v. *Safe Deposit Co.,* 101 Md. 60, are decisive of that question. No different effect can be given to the limitation to the "remaining" son, in the present will, in view of the meaning of that term as generally understood and as judicially accepted.

In providing for the disposition of her residuary estate after the death of her two sons, the testatrix considered the contingencies of the death of either with or without issue then living. If either should die leaving issue, any of whom should attain the age of twenty-one years, such surviving issue were to take the share of the deceased parent. On the other hand, if either of the sons should die without issue then living, or leaving issue who should not live to become twenty-one years of age, then the "remaining" son was to have the portion of his deceased brother. But the testatrix apparently did not consider the contingency, which has happened, of the death of one son without leaving issue and without being survived by the other son.

If we should interpret the term "remaining" as being synonymous with "other," and should hold that the remainder in controversy vested in the son who first died, such a result would have to be recognized regardless of the question as to whether the one first dying left issue who survived to the age specified. Upon such a theory of construction the remainder thus held to be vested in the predeceased son would be absolute and would not be defeasible upon his death without leaving issue. But in the event of his death without issue, his own original portion of the trust estate would devolve upon his brother who had already died without surviving descendants. A contingency which would result in such an interchanging devolution of the estates in remainder was evidently not within the contemplation of the testatrix when she prepared her will.

The limitation in remainder to the remaining son "and his heirs, executors, administrators and assigns forever" would simply have had the effect of vesting an absolute estate in the surviving son, upon the death of the other without issue, and it did not operate to establish a line of heirs in whom the remainder should vest, upon the theory of stirpital succession advanced in the argument. In *Wilson* v. *Bull, supra,* the limitation, upon the death of a child without issue, was to the "surviving child or children, his, her or their heirs, executors, administrators and assigns, absolutely." It was held that the issue of a deceased child were not entitled to share with the surviving children. The same conclusion had been reached, in the construction of a somewhat similar provision, in *Anderson* v. *Brown, supra.* In the cases just referred to, as in the one now presented, there was no limitation over in the event of the death without issue of all the children in whom the preceding estates were vested.

The fact that the view we are adopting will produce a state of partial intestacy is no reason for refusing to apply the terms of the will according to their plain and ordinary meaning. While every presumption is to be made against intestacy where the will purports to dispose of the residue

of the estate, yet such presumption does not change the clear effect of the language which the testatrix has chosen to employ.   In the opinion in *Hill* v. *Safe Deposit Co., supra,* CHIEF JUDGE MCSHERRY said: "It is true there is a presumption that a testator does not intend to die intestate, especially where there is a residuary clause in the will, and the courts will generally struggle against adopting an interpretation which would lead to that result; but, as already indicated in the citations from Jarman, and from the judgment in *Wake* v. *Varah,* 2 Ch. D. 348, the consequences arising from an intestacy are not considered sufficient to indicate that the word survivor was designed by the testator to be synonymous with the word other."

According to our construction of the will before us, no provision has been made for the contingency of the death of one of the sons of the testatrix in the lifetime of the other, who subsequently died without issue, and hence there is an intestacy as to the remainder in the portion of the estate in which the son last dying had an interest for life which consequently has become vested equally in the sister and nephew of the testatrix as her only heirs at law and next of kin.

The decree below, which was based upon a different theory of construction, will be reversed and the cause remanded to the end that a decree may be entered giving effect to the conclusions we have stated.

*Decree reversed and cause remanded, the costs to be paid out of the trust estate.*