R. S. CONSTRUCTION COMPANY, INC., *v.* WINTON WEMYSS NIHISER ET. AL.
[No. 47, January Term, 1938.]

*Decided March 10th, 1938.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Herbert L. Grymes,* for the appellant.

*Louis J. Burger* and *C. Alexander Fairbank, Jr.,* for the appellees.

BOND, C. J., delivered the opinion of the Court.

A purchaser of real property under a contract of sale in due form, appealing from a decree for specific performance of its contract, presents a question whether title so passed under the provisions of two wills in the chain of title that the vendor can now convey according to the contract. The property is an improved lot of ground at 1414 Laurens Street in Baltimore City, and it is claimed by the appellee, Nihiser, the vendor, by virtue of an allotment to him in proceedings for partitioning

trust estates devised by his mother, Gustavia Weems Nihiser, which included property constituting parts of the estates of her father, George W. Weems, and of her uncle, Theodore Weems. And the question is one of devolution of title under the wills of the father and the uncle, on the death of a Rachel Weems, sister of Gustavia Weems Nihiser, who survived Gustavia Weems Nihiser and died without issue.

The will of the father, George W. Weems, dated in 1865, devised and bequeathed two-thirds of his estate to trustees, to hold half of it "for the use and benefit of my dear daughter Gustavia Weems to her and her heirs forever but in the event of her dying without issue living at the time of her death, then I give and bequeath the same to my daughter, Rachel, her heirs forever and to have and to hold the other half of my estate real personal and mixed in trust for the use and benefit of my dear daughter Rachel Weems to her and her heirs forever, but if my said daughter Rachel Weems shall die without issue living at the time of her death, then I give and bequeath the same to my daughter Gustavia Weems and her heirs forever but if both shall die without leaving any issue of their bodies at the time of their death, then I give and bequeath the same to Rachel A. D. Weems, my beloved wife."

The will of the uncle, Theodore Weems, dated in 1871, devised and bequeathed one undivided half of the rest and residue of his property to Mason L. Weems, in trust, "for the sole and separate use and benefit of Gustavia and Rachel Weems, the two daughters of my late brother, George W. Weems, and their respective representatives, in equal proportions, but in the event of the death of either of the said sisters, leaving no issue living at the time of such death, then in trust as to the share of the one so dying for the sole and separate use and benefit of the surviving sister and her representatives. And in the event of the death of both of said sisters without leaving issue living at the death of the survivor, then for the use and benefit of my said brother, Mason L.

Weems himself and his proper representatives in their own right."

Gustavia Weems Nihiser, who died first, and left issue, still surviving, devised the trust estates created for her under the quoted devises of her father and her uncle to trustees, to be divided into three equal parts, each to be held upon a specified trust for one of her children, and also devised the remainder in the property given under those wills for the benefit of her sister, Rachel Weems, to the same trustees, to divide into four equal parts, each to be held on like specified trusts for her children and for a grandchild. Rachel Weems subsequently, in the year 1936, died without issue. And then, on the assumption that all the property referred to was alike subject to the previous devises of Gustavia Weems Nihiser, the trustees instituted proceedings for partition of it. The validity of those proceedings, on such property as may be subject to the will of Gustavia Weems Nihiser, is not questioned. As stated, the present appellee, Winton Wemyss Nihiser, a child, was allotted the improved property the title to which is now in dispute. The objection is that the two testamentary provisions contemplate survival in the sister who is to take upon the death of the other, and that as Gustavia Weems Nihiser was not living at the time of the death of her sister Rachel, the interest of Rachel would go, not to her, and through her into the trusts for the benefit of her children, but to the alternate devisees named or their heirs; and that, as they were not represented and their property was not legally included in the partition, the title has not passed under it to the present vendor.

The court sees no substantial difficulty in ascertaining the intention of the father in his provision. There is no reference in terms to survival by Gustavia Weems herself to take the share of her sister dying without issue, and the deferment of the limitatiton over to the possibility of issue of hers existing at the time of her death seems, in the absence of contradictory indications, to imply clearly enough that if such issue did exist the

executory devise for her benefit should take effect notwithstanding her own prior death. The provision as a whole seems to the court to indicate a plan to benefit by the trust the daughters and their issue only, if possible, and only in the last necessity to terminate the trust and dispose of the property to the wife of the testator. An executory devise may itself be devised. See *Miller, Construction of Wills*, sec. 242. And on the construction stated the executory devise under the will of George W. Weems passed to his daughter Gustavia Weems Nihiser, and under her will in trust for her descendants; and by virtue of the partition proceedings the property passed to the present vendor.

The will of Theodore Weems, devising the property after Rachel's death without issue to be held "for the sole and separate use and benefit of the surviving sister and her representatives," presents a somewhat different problem. Taken alone, these words would imply a survival in the sister. See authorities collected in *Miller, Construction of Wills*, sec. 276. But the words are not to be taken alone. Their meaning must, of course, be ascertained from the context, or the whole expression of the gift in the clause in which it is found. *Miller, Construction of Wills*, sec. 11. And in this clause, too, there is a limitation over, one which is to come into being only in a situation clearly defined, namely, when the two daughters shall have died without issue. If both have not died without issue, as is the actual case, the limitation over does not come into being, and unless the children or issue of the deceased sister should take under the will there must be an intestacy. It is true that an intestacy cannot be avoided by departing from the testator's intention, and if that intention here should appear to have been that the other daughter must survive to take, the intestacy would be unescapable. *Henderson v. Henderson*, 131 Md. 308, 313, 101 A. 691. But, again, the deferring of the gift over to the possibility of issue of either daughter living at the time of the death of the survivor seems to imply that if there is such

issue, the executory devise shall take effect. "But where a gift to the 'survivors' of several legatees, limited to take effect on a certain event (as the death of any of them under age or without issue), is followed by a gift over, not if there should be no survivor at the time the event happens but if that event should happen to every one of the legatees (as if all died under age or without issue), 'survivors' is read 'others.'" "From the contingent gift over of the whole in a mass it is inferred that the testator meant the legatees to take it amongst them in every other contingency, which can only be secured by means of cross limitations between them." *Jarman, Wills* (7th Ed.) 2038, etc. *Miller, Construction of Wills,* sec. 276, p. 779, and authorities cited. In *Anderson v. Brown,* 84 Md. 261, 35 A. 937, and *Wilson v. Bull,* 97 Md. 128, 54 A. 629, in which survival was found to be required, there was no limitation over.

The court concurs in the conclusion of the chancellor that the vendor's title was good, by virtue of executory devises operative on the death of Rachel Weems without issue, and that the contract should be enforced.

*Decree affirmed, with costs.*