OGLE MARBURY, ET AL. *v.* JOHN H. BOUSE, REGISTER OF WILLS OF BALTIMORE CITY

[No. 171, October Term, 1945.]

*Decided July 23, 1946.*

The cause was argued before DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*J. Cookman Boyd, Jr.,* for all the appellants except William V. Heaphy, Jr., for whom no brief was filed nor argument made.

*Hall Hammond, Deputy Attorney General,* with whom were *William Curran, Attorney General,* and *Joseph D. Buscher, Assistant Attorney General,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This case involves the construction of the will of Thomas Mackenzie, executed June 2, 1866, shortly before his death. His last surviving children, Cassandra and Catherine, died in 1945, and it became necessary to determine the amount of inheritance tax due by reason of interests in his estate, if any, passing under their wills.

The testator was a successful business man who was twice married. He had four children by his first marriage and six children by his second marriage. After the death of his first wife he remained a widower for some time, and the children born of the second marriage were quite young at his death, the oldest being then sixteen years of age.

The general scheme of the will is plain. After disposing of certain personal items, he gave his furniture to his wife for life or widowhood, after which he directed that it be sold and the proceeds turned in to the general trust he created in item 6, the residuary clause. He gave certain amounts of his "capital" in his business to his three sons by his first wife, and directed that they continue the firm under the same name. He gave $1,000 of the "capital" to his daughter by his first wife, who seems to have been married to a rather wealthy man. The remaining $7,000 of the "capital" was to be loaned to the three sons, in order to create a trust fund for the benefit of his two younger sons by his second wife. He provided further that in the event of their death before reaching the age of twenty-one and leaving no children, that portion of the estate was to go into the general trust.

The rest and residue of the estate was left in trust for his wife during her life or widowhood, and at her death or marriage he provided that the net income, or so much as might be necessary, be appropriated to the support and education of his six minor children, naming them, until they should respectively reach the age of twenty-one. The clause provided: "Then in further trust to pay to each of said children over the age of twenty-one years his or her respective proportion, being an equal share of the net income for and during his or her natural life. In the event of the death of any of the children, whether under or over twenty-one years of age, without issue living at the time of such child's death, the share of that child in the income and capital of the trust shall survive to the remaining children above named, share and share alike, but should a child dying leave issue then the share of such deceased child, both in the income and capital of the trust shall vest in such issue."

The widow died, and thereafter Ella B. Mackenzie, a daughter, who had married Rev. Ogle Marbury, died in 1884, leaving an only child Ogle Marbury, the appellant. Thomas Mackenzie, Jr., died in 1927, unmarried,

without issue, testate. Edward Everett Mackenzie died in 1928, without issue, leaving a widow to whom he left his entire estate. She in turn conveyed whatever interest she may have acquired under the trust in the Mackenzie estate to Ogle Marbury.

Mary E. T. Mackenzie died in 1935, unmarried and without issue, and by her will left her interest in the Mackenzie estate to her two surviving sisters, Cassandra and Catherine, with remainder to Ogle Marbury or his descendants.

Cassandra Mackenzie died May 26, 1945, unmarried and without issue, leaving a will by which she conveyed her interest to her surviving sister Catherine, with remainder over to Ogle Marbury. Catherine Mackenzie Brevitt died December 6, 1945, a widow and without issue, and her will made the same disposition to Ogle Marbury of her interest in the Mackenzie estate.

The case was tried upon the assumption that Ogle Marbury, the only grandchild of Thomas Mackenzie by his second marriage, is entitled to the whole fund constituting the general trust. But if portions of that fund pass to him under the original will, they pass free of inheritance tax, whereas if they pass under the wills of Cassandra and Catherine they are subject to collateral inheritance tax.

Difficult problems of construction are thus presented. The learned chancellor below held that upon the death of Ella Mackenzie Marbury, the first of Mr. Mackenzie's children to die, her issue, Ogle Marbury, took a vested interest in a one-sixth share of the corpus of the trust; that, thereafter, upon the death, without issue, of the other children of Mr. Mackenzie, Ogle Marbury did not participate in their shares of the corpus; that a share surviving to "remaining" children did not re-survive, but devolved as part of the estate of each of such remaining children; and that at the death of Cassandra (the next to last to die), she owned outright 13/72 of the whole estate, which passed in remainder under her will to Ogle Marbury, and at the death of Catherine (the

last to die) she owned outright 37/72 of the estate, which passed under her will to Ogle Marbury. The remaining 10/72 passed to Ogle Marbury, under this theory, by an assignment and under the will of Mary Mackenzie.

The appellant contends that upon the death of the testator each of his children took a vested interest in the whole corpus of the trust, subject to proportional defeasance by the death of one or more of the other children leaving issue; that the issue of deceased children share *pari passu* with living children in shares accruing on the death of named children without issue; and that shares which survived on the death of a child without issue, re-survive upon the death without issue of the first taker. Upon this theory the whole estate passed to the surviving grandchild under the original will. The cross-appellant appeals only from that part of the decree which holds that surviving shares did not re-survive. Upon this theory, 5/6 of the estate passed to the surviving grandchild under the will of Catherine.

We agree with the conclusion of the chancellor that a one-sixth share in the income and corpus of the trust vested in Ogle Marbury upon the death of his mother. The quantum of the share vesting was determined at that time; we see no force in the suggestion that he took a vested remainder in the whole fund. The language of the will directing payment of "his or her respective proportion, being an equal share of the net income" imports a tenancy in common with the other children then living. 3 Jarman, Wills, 7th Ed., p. 1768. See also *Turner v. Withers*, 23 Md. 18; *Anderson v. Brown*, 84 Md. 261, 35 A. 937; and *Wilson v. Bull*, 97 Md. 128, 54 A. 629. The question whether subsequent accretions by reason of the decease of other children without issue pass to the appellant depends upon the language of the will, and not upon any theory of early vesting.

We think the expression "survive to the remaining children above named" imports that the accretion due to the death of one "without issue living at the time of such child's death" goes to the children then living, to

the exclusion of the issue of a deceased child. As this Court said in *Henderson v. Henderson*, 131 Md. 308, 311, 101 A. 691, 692: "The word 'remaining' involves the idea of continuance in the same state or position. * * * The son in whom the interest in remainder was intended to vest on the occurrence of the contingency mentioned was the son then 'remaining.' A son who had previously died could not answer to that description. The term evidently is synonymous with 'surviving' in the sense in which it is here employed." See also *Turner v. Withers, supra; Anderson v. Brown, supra. Wilson v. Bull, supra;* and *Hill v. Safe Deposit & Trust Co.*, 101 Md. 60, 60 A. 446, 4 Ann. Cas. 577.

It is suggested that the issue may take by construing the words "survive to the remaining children" to mean other children, whether alive or not. Such a construction was adopted in the case of *R. B. Construction Co. v. Nihiser*, 174 Md. 170, 197 A. 793. In that case the testator devised property in trust for two nieces and their representatives in equal proportions, but in the event of the death of either, without issue, then in trust as to the share of the one so dying for the surviving sister and her representatives. In the event of the death of both without issue living at the death of the survivor, there was a limitation over to a brother of the testator. The Court held that the limitation over in the event of the death of both without issue implied a cross-limitation in the event which happened, with the result that the share of the one last dying passed under the will of the one first dying. But it was clearly recognized in that case that the result would have been different, had there been no limitation over; in that event the Court stated that there would have been a partial intestacy. See also *Miller, Construction of Wills*, Sec. 276, note 1, recognizing the distinction. In the recent case of *Sabit v. Safe Dep. and Trust Co.*, 184 Md. 24, 40 A. 2d 231, the court declined to construe the words "then living" to mean "other," and likewise declined to apply the doctrine of stirpital representation. See also *Bradford v. Mackenzie*,

131 Md. 330, 101 A. 774. In the instant case there is no limitation over, and we find nothing in the provisions of the will that would justify the inclusion of the issue of deceased children in the cross-limitations.

The question as to the disposition of accrued shares arises out of the fact that five of the testator's children died successively without issue. The general rule is well established that accrued shares do not re-survive, unless a contrary intent is found from additional language or circumstances. *Miller, Construction of Wills*, Sec. 277; *Restatement, Property*, Sec. 271; 3 *Jarman, Wills*, 7th Ed., p. 2049; 69 *C. J.*, Sec. 1352.

In *Turner v. Withers*, 23 Md. 18, 43, the Court found an intention in the will that the survived shares as well as the original shares should pass to the surviving children. The language there gave to the "remaining children the part or parts of my * * * estate devised to such child or children so dying." Moreover, there was a subsequent limitation over of the whole estate. In *Marshall v. Safe Deposit & Trust Co.*, 101 Md. 1, 9, 60 A. 476, 478, the general rule was applied, where the will provided that "the share of such grandchild shall be equally divided between the surviving grandchildren." The case of *Mercer v. Hopkins*, 88 Md. 292, 41 A. 156, was distinguished on the ground that there was a provision subjecting the devises over to the same limitations as were applicable to the original shares.

It is contended that in the instant case the language providing that "the share of that child * * * shall survive," should be contrasted with the language of the succeeding clause providing that "the share of such deceased child (dying with issue) * * * shall vest in such issue." But use of the singular in each case would seem to negative any implication that the testator had in mind a plurality of accruing shares, and we find no indication that he was dealing with the estate as a mass. We hold, therefore, that the accrued shares did not re-survive.

This brings us to the final and perhaps the most difficult question in the case. Did the share of the last sur-

viving child belong to her outright and pass under her will, or was there an intestacy as to this share? At the time of her death there was no remaining child "above named" to take her share. The learned chancellor relying upon *Anderson v. Brown,* 84 Md. 261, 35 A. 937, found that she took as the last survivor. There the Court construed survivor to mean "last liver," citing *Maden v. Taylor,* 45 L. J., Ch. 572. This case, however, was subsequently overruled by the privy council in *King v. Frost,* 15 A. C. 548. See also *In re Mortimer,* 54 L. J., Ch. 414; 3 *Jarman, Wills,* 7th Ed., p. 2049, and 69 *C. J.,* Sec. 1353.

However, we think the Anderson case is distinguishable from the instant case. There the devise was in fee to the eight children, and the construction of survivor had reference only to the other shares, which specifically included accruing shares. But in the instant case her original one-sixth share cannot pass to Catherine upon her death because she cannot answer the description of remaining child, and the will does not directly or by necessary implication dispose of the interest upon her death. Whatever the justification for the holding in the Anderson case, it cannot apply here. As to this one-sixth there is an intestacy, although as we have heretofore indicated the original shares of the others, in contradistinction to the accrued shares, passed to her in whole or in part as survivor. This one-sixth goes to the heirs of Thomas Mackenzie as of the date of his death.

We are here dealing with an absolute reversion and not a mere possibility of reverter, as in *Conner v. Waring,* 52 Md. 724. The distinction was fully recognized in *Perkins v. Iglehart,* 183 Md. 520, 542, 39 A. 2d 672, although the decision in that case was also based upon statutory changes in the law of inheritance and distribution antedating the execution of the will. In *Hammond v. Piper,* 185 Md. 314, 44 A. 2d 756, and in the other cases there cited, it was held that the rule of Conner v. Waring was applicable by way of analogy to contingent remainders as well as executory devises, in the case of

wills taking effect prior to the statutory changes above mentioned. But it was intimated that intermediate heirs would not have been excluded, had there been an intestacy.

We cannot determine from the record what portions of the one-sixth interest pass under the wills of Cassandra and Catherine. Hence, we shall not attempt to calculate the inheritance tax, but will remand the case in order that the account may be stated upon this theory.

*Decree affirmed in part, reversed in part, and case remanded, with costs to be paid by the appellants.*