DAVIS *v.* MERCANTILE-SAFE DEPOSIT AND TRUST COMPANY ET AL.

[No. 339, September Term, 1963.]

*Decided June 11, 1964.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*William F. Mosner,* with whom were *Power & Mosner* on the brief, for the appellant.

*Daniel H. Honemann,* with whom were *Walter E. Black, Jr.,* and *Hinkley & Singley* on the brief, for Edward Hollister Davis, etc., and others, part of the appellees.

*George Ross Veazey* for Liselotte Hollister and others, also appellees.

No brief and no appearance for the trustees, the other appellees.

HORNEY, J., delivered the opinion of the Court.

In *Davis v. Mercantile Trust Company,* 206 Md. 278, 111 A. 2d 602 (1955), where it was held that George Marion Sisk was not entitled (as one of the "seven children of [the testa·

tor's] nieces and nephews") to a share of the income from the trust created by the residuary clause of the will of S. Griffith Davis, deceased, for the benefit of certain of his relatives, this Court (*per* Henderson, J.), in leaving open the question as to the disposition of the present and future income from such share, because it was not considered below or argued in the briefs, stated (at p. 289) :

> "There may be a question as to whether it should be divided between the [other] six great-nephews and great-nieces, cf. *In Re Sharp* [1908] 2 Ch. 190, or between all of the persons entitled to shares. Or there may be an intestacy, as suggested in argument."

For a time after the receipt of the mandate, the trustees named in the will (and the survivor and/or successor of them) distributed the income from the invalid share equally among the other residuary legatees. Subsequently, when a doubt arose as to whether the income from the share was being properly distributed, the trustees ceased distributing the income therefrom and allowed it to accumulate pending a construction of the will and judicial direction as to its proper disposition. To that end, this proceeding was instituted by the Mercantile-Safe Deposit and Trust Company and others, as trustees under the will, against the heirs at law and next of kin of the testator and their legal representatives.

In his answer to the bill of complaint, Boudinot S. L. Davis, as half brother and one of the next of kin of the testator, alleged, among other things, that the invalid share of income should be distributed as intestate property and suggested that the court should also rule as to the ultimate disposition of the corpus of the trust. Answers were also filed by other parties in interest.

The chancellor, by his decree, declared that there was no intestacy as to the invalid share, ruled that the income therefrom should be divided among the other beneficiaries of the residuary trust, and refused to rule as to the ultimate distribution of the corpus. Boudinot S. L. Davis appealed.

The primary question presented is whether the share of income bequeathed to George Marion Sisk, which was invalidated

by judicial determination in *Davis v. Mercantile Trust Company, supra,* should be distributed to the next of kin as intestate property or to the other income beneficiaries of the residuary trust. We think the income should be paid to the other beneficiaries and we see no reason to rule now as to the ultimate distribution of the corpus.

It is axiomatic that the ascertainment of the intention of the testator is the controlling factor in construing a will. *McElroy v. Mercantile-Safe Deposit and Trust Co.,* 229 Md. 276, 182 A. 2d 775 (1962); *Reese v. Reese,* 190 Md. 311, 58 A. 2d 643 (1948); *Childs' Estate v. Hoagland,* 181 Md. 550, 30 A. 2d 766 (1943). If the intention can be satisfactorily ascertained from a reading of the will, further inquiry is not necessary. *Atkinson on Wills* (2nd ed.), § 146; *Page on Wills* (Bowe-Parker Rev.), § 30.3; *Thompson on Wills* (3rd ed.), § 210. If it cannot, the rules of construction may be invoked to ascertain the meaning or intention of the testator as expressed in the will. *Judik v. Travers,* 184 Md. 215, 221, 40 A. 2d 306 (1944).

There is, of course, a general rule of construction to the effect that when a portion of a residuary bequest fails to become operative at the death of the testator, the share thus failing passes to the next of kin as property not disposed of by the will. *Church Extension of the M.E. Church v. Smith,* 56 Md. 362, 398 (1881). See also *Abell v. Abell,* 75 Md. 44, 63, 23 Atl. 71, 25 Atl. 389 (1891); *Henderson v. Henderson,* 131 Md. 308, 314, 101 Atl. 691 (1917); *Smith v. Baltimore Trust Co.,* 133 Md. 404, 410, 105 Atl. 534 (1919); Miller, *Construction of Wills,* §§ 58, 158. On the other hand, because the rules of construction are utilized only in the absence of explicit or implicit indication by the testator of his intention, this Court has always been disposed to construe a residuary clause so as to prevent intestacy when the application of the above rule of construction would defeat the clear intention of the testator as expressed in his will. *Barnum v. Barnum,* 42 Md. 251, 311 (1875); *Cox v. Handy,* 78 Md. 108, 127, 27 Atl. 227 (1893); *Lavender v. Rosenheim,* 110 Md. 150, 153, 72 Atl. 669 (1909); *Holmes v. Mackenzie,* 118 Md. 210, 215, 84 Atl. 340 (1912); *Ball v. Townsend,* 145 Md. 589, 600, 125 Atl. 758 (1924);

*Tilghman v. Frazer,* 199 Md. 620, 636, 87 A. 2d 811 (1952);
*McElroy v. Mercantile-Safe Deposit and Trust Co., supra,* at
p. 283 of 229 Md. See also Miller, *op. cit.,* § 160, where it is
pointed out that whether a void residuary bequest passes to the
next of kin or goes to increase the other portions of the re-
siduum is a question of intention. For cases in other jurisdic-
tions standing for the proposition that the general rule is appli-
cable unless the testator has clearly indicated a contrary inten-
tion, see *Oliver v. Wells,* 173 N. E. 676, 678 (N. Y. 1930);
*In Re Zimmerman's Estate,* 241 N. W. 553 (Neb. 1932); *Com-
merce National Bank v. Browning,* 107 N. E. 2d 120 (Ohio
1952); *Zangerle v. Thomas,* 176 N. E. 2d 157 (Ct. App. Ohio
1961). See also the cases collected in an annotation in 36
A.L.R. 2d 1119. Cf. *In Re Sharp* [1908] 2 Ch. 190.

In the case at bar, despite the fact that the bequests were
not to a class but to individuals, and the failure of the testator
to provide for the possibility that one or more of the bequests
might become inoperative for some reason, a reading of the
whole will clearly indicates that the testator intended to aug-
ment the income the other trust beneficiaries would receive
rather than have such income pass as intestate property to his
next of kin.

That this was the intention of the testator is clearly mani-
fested by the fact that the testator contemplated that the shares
of some of the residuary legatees might be enlarged. Having
made absolute bequests of money in a prior item of the will to
four brothers (including his half brother Boudinot), two sis-
ters, and six nieces and nephews, the testator provided that in
case of any of them should predecease him without children or
descendants, the bequests to those so dying should lapse "and
become part of the residuary estate to be held in trust" for the
same brothers (except Boudinot), sisters, and nieces and neph-
ews, along with the "seven children of [his] nieces and neph-
ews." It is reasonable to infer from this clause that the testa-
tor also intended, in the event any of the designated residuary
beneficiaries should predecease him, or otherwise become in-
eligible, that his or her respective share of the income from the
residuary trust would go to increase the shares held by the re-
maining trust beneficiaries.

In addition to this, certain parts of the residuary clause clearly indicate an intention on the part of the testator that no portion of the residuum should pass to his next of kin as intestate property in that, among other things, the testator provided that on the death of an income beneficiary during the existence of the trust, his or her share would go to increase the amount of the income payable to the remaining legatees, and in that the testator provided that the distributive share of the corpus of a great-niece or great-nephew dying before reaching the age of twenty-one years, should be included in the trust shares of the survivors. Furthermore, in the first paragraph of the will, the testator stated his intention to dispose of his entire estate.

Finally, there is further manifestation of intention in the fact that the testator, by excluding his half brother Boudinot as an income beneficiary of the trust, thereby indicated that none of the trust income was to pass to him or any other next of kin as intestate property.

On reading the will within its "four corners," we think there was a clear intention to limit that part of the income payable to the "children" of the nieces and nephews to such actual great-nieces and great-nephews as were known to the testator, and we so hold. The result, as the chancellor ruled, is that the income from the invalidated share should be divided among the other beneficiaries of the residuary trust as if there were thirty-seven instead of thirty-eight shares.

*Decree affirmed; the appellant to pay the costs.*