# Sarah Reynolds et al., Plffs. in Err., *v.* Mary Crispin et al.

The introductory clause of a will, "As to such worldly estate wherewith it has pleased God to intrust me, I dispose of the same as follows," and the final clause, "If there is anything omitted relative to my worldly affairs or estate, I leave it to be conducted by and at the discretion of my executors," reinforce the legal presumption of an intent on the part of the testator to dispose by his will of his entire estate.

Where the bequest is to the testator's daughters, of the mansion house and the farm, "with an exception, if necessary, hereafter mentioned," with the provision that upon the decease of any of his daughters their portion of the mansion farm is to belong to the surviving sister or sisters, during their life or lives, but if "any of my children should become destitute of house or home, they are to have the privilege of making the mansion house and farm their residence with those there, upon good behavior; it is intended by me as a home or asylum for my wife, sons and daughters, and not to belong or go into the possession of any other person or persons while any of them live, and necessity require it, without the consent of those living," the daughters take a fee in the land charged, under certain contingencies,.

with the support of the testator's wife and of his destitute children, if any there might be; this is the "exception if necessary" referred to by the testator in making the devise of the farm to his daughters.

(Argued October 18, 1887.   Decided October 31, 1887.)

October Term, 1887, No. 142, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.   Error to the Common Pleas of Washington County to review a judgment in an action of ejectment.   Affirmed.

The plaintiffs in error, who were also plaintiffs below, are certain of the heirs of Benedict Reynolds, Sr., deceased.   The defendants in error and below are the devisees of Sarah Reynolds, deceased.

The rights of the parties depended upon the construction of the will of Benedict Reynolds, Sr., and to obtain a decision of the court, the following case was stated, in the nature of a special verdict:

"Benedict Reynolds, Sr., died testate about the year 1848, seised in fee of and in about 110 acres of land in South Strabane township, said county, the lands in controversy in this suit, having first made his last will and testament, which was duly probated in the proper office of this county, a true copy of said will being hereto attached as a part of this case stated.

"The testator left surviving him seven children, who, with the heirs and legal representatives of those since deceased, are as follows:

"1.  Mary died intestate, unmarried, without issue, before Sarah, hereafter named.

"2.  Susannah died intestate, unmarried, without issue, before Sarah, hereafter named.

"3.  Sarah died testate; her last will and testament was duly probated in the proper office of this county, and under it defendants, who are in exclusive possession, claim.  A true copy of her will is attached hereto as a part of this case stated.   She also survived all her brothers hereafter named.

"4.  Henry died intestate, leaving no widow, but lawful issue (naming them).

"5.  Zachariah died leaving a widow, Mary Reynolds, and lawful issue (naming them).

"6. Benedict died leaving a widow, Edith R., and lawful issue (naming them).

"7. Lloyd died leaving no widow, but lawful issue (naming them).

"It appears that prior to the death of Sarah Reynolds two of the children of Benedict Reynolds, Sr., had died intestate, leaving as heirs at law the five brothers and sisters and the children of those deceased; and the several rights of the parties hereto depend upon a proper construction of the will of Benedict Reynolds, Sr., deceased.

"1. If the will of said testator gave an estate for life to his daughters Mary, Susannah, and Sarah, with a remainder to his other children and their heirs, the land would be divided into four parts between the heirs of Henry, Zachariah, Benedict, and Lloyd and the heirs joining in this suit would recover their proportion of the whole of the land.

"2. If the said will gave an estate for life to the said daughters and the remainder passed to the heirs of the testator, then, Mary and Susannah having died intestate, unmarried, and without issue, in the lifetime of Sarah, the land would be divided into five shares, one of which would pass to the defendants, as devisees under Sarah Reynolds's will; and the heirs joining in this suit would be entitled to their several interests in four fifths of the said land.

"3. If said will gave Sarah one third of the fee and two thirds to Mary and Susannah, with the right of survivorship for life, then the defendants, as devisees of Sarah, would be entitled to her one third and also to her one-fifth share in the shares of Mary and Susannah; that is to say, one third and one fifth of two thirds.

"4. If the said will gave the land for life to Mary, Susannah, and Sarah, with remainder in fee to the survivor of them, then the defendants, as devisees under the will of Sarah, the survivor of the three daughters, are entitled to the whole of the land.

"Under the first proposition the plaintiffs, not being all of the heirs at law of Benedict Reynolds, Sr., the testator, would be entitled to sixty-three eightieths of the land. Under the second, to sixty-three eightieths of four fifths of the land. Under the third, to sixty-three eightieths of eight fifteenths, and under the fourth to nothing.

"The court, however, is not, in construing said wills, to confine itself to said propositions, which are stated merely for convenience, but shall enter judgment for defendants generally, or for plaintiffs for such proportion of said lands as, in the opinion of the court, they may be entitled.

"The annual value of the land, clear of all charges, is $200, and the defendants have been in possession since the 27th day of June, 1886.

"If the court enter judgment for the plaintiffs, judgment shall also be entered for the plaintiffs for the same proportion of the mesne profits as of the land.

"The costs shall follow the judgment; and either party reserves the right to sue out a writ of error herein."

## Will of Benedict Reynolds, deceased.

"In the name of God, Amen, I, Benedict Reynolds, of South Strabane township, Washington county, Pennsylvania, being of sound and disposing mind, memory, and understanding, praised be God for the same, being desirous to settle my worldly affairs whilst I have strength and capacity so to do, do make and publish this my last will and testament as follows, that is to say: My desire is that my funeral be conducted in a decent manner at the discretion of my executors hereinafter named; and as to such worldly estate wherewith it hath pleased God to intrust me I dispose of the same as follows: That all my just debts and funeral expenses be paid as soon after my decease as conveniently may be, of the first money that may come into the hands of my executors. As to my real estate I give and bequeath unto my three daughters, Mary, Susannah, and Sarah, the mansion house and the farm with the appurtenances (with an exception, if necessary, hereafter mentioned) containing 110 acres and 14 perches, agreeably to a late survey and plot made by D. Roberts. Also I give and bequeath unto my son Zachariah my farm containing 59 acres and 90 perches, agreeably to a survey and plot made by D. Roberts. Also my farm in North Strabane township, which has been several years and months in the occupancy of my son Henry, *viz.:* as soon after my decease as may be convenient and suitable, that my executors without any application to court, but privately, or if they cannot agree themselves, that my son Benedict with them, or a

majority, select and appoint three judicious and honest men of good judgment who shall examine said farm, and if they can divide it into two parts of equal value without injury to the whole value, or that Henry and Benedict cannot agree to such division as the arbitrators shall consider judicious, then that my executors dispose of it at public or private sale as should appear to be best, for the highest and best price that would be given, and the proceeds equally divided between Henry and Benedict. Also that my land in the state of Maryland be sold and that $101 of the proceeds be reserved for my son Lloyd's widow and children; and as soon as the money for said land come into the hands of my executors, that they pay to Sally or Sarah Reynolds, widow of my son Lloyd Reynolds, deceased, $1, and that they pay to his four children, *viz.:* Louisa, Philo, Lucretia, and Andrew, $25 each six months after each one shall arrive at the age of twenty-one years, and the balance, if any, after deducting expenses to be divided amongst my children then living, twice as much to my daughters if then single, as to my sons, if not single then to be equal with my sons.

"As to my personal estate, I give and bequeath it to my three daughters, Mary, Susannah, and Sarah, with the exception of one good bed and bedding of good quality and sufficient quantity for change and comfort, which I give unto my beloved wife if then living; if not living at my decease it goes to my daughters. Also another exception, if necessary, to raise funds to pay any debts which might be or funeral expenses, the executors and my daughters then to select some of the personal estate which my daughters can spare best and make sale of as much as would answer the said purpose. The personal estate to belong equally and jointly to my daughters, or they may divide it equally and agreeably amongst themselves. If my beloved wife should survive my decease, I desire that she remain in the mansion house with my daughters, that she be comfortably and well supported in every respect and well taken care of by my daughters, the expense of necessaries for her support and clothing to be equally borne by my sons Henry, Zachariah, and Benedict, if considered necessary by my daughters; the best of care and attention to their mother is required of all my children, and at her decease that her funeral be conducted in a decent manner at the discretion of my executors, the expense thereof to be equally borne by the children. At the decease of any of my daughters their

portion of the mansion farm is to belong to the surviving sisters or sister during their lives or life. If in the dispensation of God's providence any of my children should become destitute of house or home they are to have the privilege of making the mansion house and farm their home and residence, with those there, upon good behavior; it is intended by me as a home or asylum for my wife, sons and daughters, and not to belong or go into the possession of any other person or persons whilst any of them live and necessity require it, without the consent of those living.

"If there is anything omitted relative to my worldly affairs or estate I leave it to be conducted by and at the discretion of my executors, and hereby constitute and appoint my sons Henry and Zachariah Reynolds executors of this my last will and testament, hereby revoking and making void all former will or wills by me at any time heretofore made."

(Duly signed, sealed, and witnessed.)

## Will of Sarah Reynolds.

"This is the last will and testament of me, Sarah Reynolds, made this 2d day of June, 1884, in South Strabane township, county of Washington, and state of Pennsylvania.

"I bequeath all my household furniture and all my other personal estate and effects whatsoever unto Mary L. Crispin and Lizzie S. Palmer, to be held in common by them, subject only to the payment of my just debts.

"I bequeath the farm on which I now reside (or whatsoever is my interest in the same) to the said Mary L. Crispin and Lizzie S. Palmer, to be held in common by them for their absolute use and benefit. I appoint William L. R. Crispin my executor."

(Duly signed, sealed, and witnessed.)

The opinion of the court below, McILVAINE, P. J., upon the case stated, was as follows:

The determination of the question as to what judgment should be entered in this case upon the facts presented to us in the nature of a special verdict involves the construction of the will of Benedict Reynolds, deceased. And before entering upon an analysis of this will it would be well to lay down a few general

rules by which we must be guided and which we must not disregard; and:

1. No presumption of an intent, on the part of the testator, to die intestate of any part of his property is to be made, when his words, as found in the will, can fairly be construed to dispose of the whole of it;

2. The law leans against a construction which converts a fee simple into a life estate;

3. The main intent of the testator is not to be overcome by an ambiguous direction in a subsequent part of the will; the latter will be construed in subordination to the original bequest or devise;

4. The intent of the testator must be gathered from the four corners of the will, taken as a whole; and to this intent, if lawful, all technical rules of construction must yield.

In the will before us the testator evidently intended to dispose of all of his property. The introductory clause, "As to such worldly estate wherewith it hath pleased God to intrust me, I dispose of the same as follows," as well as the final clause, "If there is anything omitted relative to my worldly affairs or estate I leave it to be conducted by and at the discretion of my executors," clearly reinforce the presumption that the testator did not wish to die intestate of any part of his property and antagonizes the construction that would give the daughters a life estate in the land in dispute, with the remainder in fee undisposed of.

The daughters Mary, Susannah, and Sarah are named by the father as the first beneficiaries under his will, and the farm now in possession of the defendants is devised to them in fee in the following words:

"I give and bequeath unto my three daughters, Mary, Susannah, and Sarah, the mansion house and the farm with the appurtenances (with an exception, if necessary, hereafter mentioned) containing 110 acres and 14 perches agreeably to a late survey and plot made by D. Roberts."

Thus far the intention of the testator is clear; but it is claimed that subsequent clauses in his will change the character of the devise to these daughters. These clauses are as follows:

"At the decease of any of my daughters their portion of the mansion farm is to belong to the surviving sisters or sister during their lives or life. . . . If in the dispensation of God's

providence any of my children should become destitute of house or home they are to have the privilege of making the mansion house and farm their home and residence with those there, upon good behavior; it is intended by me as a home or asylum for my wife, sons and daughters, and not to belong or go into the possession of any other person or persons whilst any of them live and necessity require it, without the consent of those living."

In order to arrive at the intention of the testator these words must be construed in view of the fact that he has already given to the daughters a fee in this mansion farm.

By these words he did not, in our opinion intend to limit the estate or interest of his daughters in this land before devised to them in fee, but rather to restrain them and their heirs from alienating and leaving the place while any of his children might "by necessity" and "in dispensation of God's providence" become houseless or homeless. As long as either of the daughters lived, the heirs of those deceased were postponed in their enjoyment of the place; and it was to remain in the possession of the survivor until the possibility of any of his children becoming destitute had passed.

The three daughters took a fee in the land charged, under certain contingencies, with the support of his wife and of the destitute children of the testator, if any there might be; and this was the "exception, if necessary," referred to by the testator in making the devise of the farm to the daughters, as appears in paragraph first of the will hereinbefore quoted.

At all events the clause in the will which provides that "at the decease of any of my daughters their portion of the mansion farm is to belong to the surviving sisters or sister during their lives or life" could in no way affect the devise that Sarah took under the first clause of the will, as she survived all her brothers and sisters; and neither could the last clause in the will, providing that the farm should be a home or asylum for the destitute children "whilst any of them lived and necessity required it," any longer stand in the way of her disposing of her interest in said farm by will or otherwise.

Any construction of this will other than what we have given it would be in the teeth of the cardinal canons of interpretation already cited.

We are, therefore, of the opinion that under the will of Benedict Reynolds, deceased, Sarah Reynolds, at the time of her

death, was the owner in fee of an undivided one-third interest in the tract of land in dispute and described in the case stated, and as heir at law of her sisters Mary and Susannah she was the owner in fee of one-fifth of two thirds of said tract of land, or in all she was the owner in fee of seven fifteenths thereof, and that the defendants under her will are the owners of her title thereto, and that the other heirs at law of Mary and Susannah Reynolds are the owners in fee of eight fifteenths of said tract of land.

The plaintiffs representing sixty-three eightieths of this interest are entitled to recover the undivided sixty-three one hundred and fiftieths of said land and $71.40 as their share of the mesne profit thereof since the defendants went into possession.

A decree and judgment were entered in accordance with this opinion, and both parties excepted, and the plaintiffs took this writ, assigning as error the decision and decree of the court.

*A. W. & M. C. Acheson* for plaintiffs in error.

*Irwin & Hughes* for defendants in error.

PER CURIAM:
This case has been so well discussed by the learned judge of the court below that we affirm the judgment, upon the reasons given by him.

Judgment affirmed.