## SMITH V. SMITH.

September 14, 1911.

1. WILLS—*Construction—Conditional Limitations.*—Under a devise
to testator's three sons, and in the event that either of them
shall die without issue his share is to fall back to the surviv-
ing ones and they to pay to their four sisters one hundred
dollars, the three sons take a fee simple estate, with a condi-
tional limitation over that if one or more of them shall die,
leaving no issue, his or their share, as the case may be, shall
go to his surviving brothers or brother; and the estate of the
last surviving brother, if he die without issue, will not be
defeated and go over to his sisters, but will vest absolutely
in him, there being no gift over.

2. DEEDS—*Conveyance of Contingent Interests—Code, Sections 2418,
2438, 2439.*—Under the provisions of sections 2418, 2438 and
2439 of the Code, the devisees under such a will as is men-
tioned in the previous paragraph have the right to convey
and relinquish all their right, title and interest in the land
devised, both present and contingent, and the effect of the
language and the warranty in the deeds in the case in judg-
ment was to invest the grantee in each of those deeds with
the absolute fee simple title to that portion of the land devised
covered by the respective deeds.

Appeal from a decree of the Circuit Court of Giles county.
Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*W. B. Snidow,* for the appellant.

*Harman & Pobst,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The questions involved in this case depend upon the construction of the second clause of the will of George Hetherington and the effect of deeds of partition between his devisees under that clause of his will. That clause is as follows:

"Secondly. I direct that all my real estate in this county (Giles) and also all the land I own in Mercer county, W. Virginia, be equally divided between my three sons, Augustus, Giles B. and Newton C., and in event that one or more should die leaving no issue, in that event that their share shall fall back to the surviving ones, and that they are to pay unto my four daughters hereafter named the sum of one hundred dollars, to be paid twelve months after the death of my wife."

The testator's three sons sold and conveyed the land devised them which lies in the State of West Virginia, and no question as to their interest in it is involved in this case. The land devised lying in Giles county was divided into two parts. The eastern portion was conveyed on June 25, 1885, by Augustus S. and his wife and Giles B. and his wife to Newton C., and the western portion was conveyed by Augustus S. and his wife and Newton C., who was never married, to Giles B. No part of the Giles county land was conveyed to Augustus S., he receiving from his brothers a money consideration in lieu of his interest in the land. These deeds contain substantially the same provisions. The granting clause of the deed from Augustus S. and Giles B. to Newton C. is as follows:

"Witnesseth: That the parties of the first part doth relinquish their title, right and interest in a certain tract or parcel of land containing 160 acres, more or less, lying and being in the County of Giles, Virginia, on the waters of the Bear Spring, to Newton C. Hetherington, with covenants of General Warranty. The interest here intended to be conveyed is one third part of 287 acres of land, to each one

of which the late George Hetherington, the father of Augustus S. & Giles B. Hetherington, the grantors of the first part, died seized. The above land to be conveyed is an undivided tract land which was set apart by will to Augustus S., Giles B. and Newton C. Hetherington by their father, and the object of these covenants is to make deeds of partition to each one, and the parties of the first part grant to Newton C. Hetherington the east end of aforesaid tract, embracing the old homestead buildings & bounded as follows:"

Newton C. conveyed the land thus acquired by him, with the English covenants and the covenant of general warranty, to John B. Smith, the appellee, in the year 1906. The latter conveyed the said land with like covenants to W. L. Smith, the appellant, in the year 1909. The vendee not having paid the deferred purchase money notes, this suit was instituted to enforce the collection thereof.

It was agreed by the parties to the suit that if John B. Smith, the complainant, had by his deed invested W. L. Smith, the appellee, with an absolute, indefeasible fee simple title to the land involved, then the purchase money lien was to be enforced; but if the complainant had not conveyed such title, then the sale and conveyance were to be set aside and the parties placed *in statu quo.*

The trial court was of opinion that the defendant, the appellant, had acquired under his conveyance from the complainant, the appellee, an absolute and indefeasible fee simple title, and entered a decree subjecting the land to the payment of the unpaid purchase money notes. From that decree this appeal was granted.

As before stated, the correctness of that decree depends upon the construction of the will of George Hetherington and the effect of the said deeds of partition between his devisees.

The court is of opinion that under the will of George Hetherington his three sons mentioned in the second clause

thereof took a fee simple estate, with a conditional limitation over, viz: that if one or more of them should die leaving no issue, his or their share, as the case might be, should go to his surviving brothers or brother. And the court is further of opinion that the estate of the last surviving brother, if he died leaving no issue, would not be defeated and go to his sisters, as insisted by the appellant, but would vest absolutely in him, there being no gift over.

"It is quite true," as was said by the master of the rolls in *Maden* v. *Taylor*, 45 L. J. Ch. 572, "that the last liver does not survive himself, but he survives all the rest, and in that sense he is the survivor." In that case the devise was to trustees in trust for four nieces for their respective lives as tenants in common, and on the death of them to the children of the person so dying, and on the death of any without issue, then to the "survivor or survivors." "Does any one," said the master of the rolls in discussing the question, "doubt that a gift to the survivor of ten people of a sum of money or an estate, with no previous gift at all, vests the sum of money or the estate absolutely in the last liver?"

In *R. Don* v. *Schenk*, 8 N. J. L. 29, the testator had disposed of his lands as follows: "I give unto my son R. all my real estate excepting such part as I give and grant to my two daughters as hereinafter mentioned." After making a devise to his said daughters, he says: "My will is that if any of my children should happen to die without issue alive, that such share or dividend shall be divided by the survivor of them." It was held that R. took a fee simple estate, defeasible on condition that he had no issue at his death and his sisters survived him. When the sisters died, he surviving them, the condition became impossible and the estate then became an absolute fee simple estate in R. See also *Anderson* v. *Brown* (Md.) 35 Atl. Rep. 937; Jarman on Wills (6th ed.), 651; 30 Am. & Eng. Enc. L. (2nd ed.), 751-2; 37 Cyc. 642; 2 Redfield on Wills, 376-7.

The court is further of opinion that under the provisions of section 2418, 2438 and 2439 of the Code, the devisees under the second clause of the will had the right to convey and relinquish all their right, title and interest in the lands devised, both present and contingent, and that the effect of the language and the warranty in the deeds of June 25, 1885, was to invest the grantee in each of those deeds with the absolute fee simple title to that portion of the land devised covered by the respective deeds. See *Young* v. *Young,* 89 Va. 675, 17 S. E. 470, 23 L. R. A. 642; *Snyder* v. *Grandstaff,* 96 Va. 473, 31 S. E. 647, 70 Am. St. Rep. 863; *Wilson, Trustee,* v. *Lancaster, &c.,* 102 Va. 631, 47 S. E. 871.

Having reached the conclusion that Newton C. Hetherington, under his father's will and the deed of his brothers to him, executed June 25, 1885, acquired an absolute indefeasible fee simple title to that portion of the land devised covered by his deed, it follows that a like title was acquired by the appellant from his grantor, the appellee; that there is no error in the decree appealed from, and that it must be affirmed.

*Affirmed.*