# ANNE CALHOUN IGLEHART

## *vs.*

## MARIE WILLIAMSON HALL ET AL.

*Construction of Will—Surviving Children and Grandson.*

Testator having provided that, in case of the death of any of his six children named, without leaving issue, the share or shares of the one or more so dying should be held in trust "for my surviving children and my grandson," *held* that, in view of testator's evident intention to treat his grandson, the son of a daughter deceased at the time of the execution of the will, as one of his children, the word "surviving" applied to the grandson as well as the children, so that the grandson's children did not take any portion of the share of a child of testator who died after the grandson's death.

*Decided January 13th, 1922.*

Appeal from the Circuit Court of Baltimore City (HEUIS-LER, J.).

Petition by Marie Williamson Hall, individually and as executrix of the will of William Carvel Hall, deceased, and others, against W. Hall Harris and Francis Nash Iglehart, Trustees, Anne Calhoun Iglehart, and others, for the construction of a will, a sale for purposes of partition, and other relief. From the decree rendered, said Anne Calhoun Iglehart appeals. Reversed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Stuart S. Janney* and *Frank B. Ober,* with whom were *Janney, Stuart & Ober* on the brief, for the appellant.

*Charles McHenry Howard,* for the appellees.

THOMAS, J., delivered the opinion of the Court.

Doctor Alexander C. Robinson, of Baltimore City, died on the 10th of November, 1871, leaving a widow, Margaret Louisa Robinson, seven children, viz.: Laura R. Atkinson, Angelica E. Gamble, William W. Robinson, George L. Robinson, Anne Calhoun Iglehart, Carvel Hall Robinson, and Louisa Hall Robinson, and a grandson, William Carvel Hall, the son of Agnes Wirt Hall, who died in August, 1871. Dr. Robinson left the following last will and testament, which was executed on the 3rd of November, 1871, a few days before his death, and which was duly admitted to probate in the Orphans' Court of Baltimore City:

"I, Alexander C. Robinson, of Baltimore City and State of Maryland, now temporarily residing in Baltimore County, do make this my last will and testament.

"I direct my executors to pay all my just debts and especially to pay to my wife, M. Louisa Robinson, or her legal representatives should she not survive me, the sum of twenty-six hundred dollars ($2600) loaned me out of her separate estate.

"I give and bequeath to my wife, M. Louisa Robinson, my silver plate, furniture and wearing apparel.

"I give and bequeath my general library equally to my son William and my daughters Laura and Angelica, my wife having first selected some work for herself and also one for each of her children, Anne Carvel and Louisa.

"I give and bequeath my medical library to my son, George L. Robinson.

"All the rest and residue of my estate, real, personal and mixed, I give, devise and bequeath to Alexander Randall, of Annapolis, and E. Wyatt Blanchard, of Baltimore City, their heirs, executors, administrators and assigns, as joint tenants, in trust nevertheless to permit my wife, Louisa Robinson, to receive the rents and income of one-third part thereof during her natural life, and from and after her death in

trust for my children and grandson in the same man-
ner as is hereinbefore provided as to the remaining
two-thirds of said trust estate; and in trust as to the
remaining two-thirds for my children, Laura, An-
gelica, William W., George L., Anne, Carvel and Lou-
isa, and my grandson, W. Carvel Hall, share and
share alike, in the manner and upon the conditions
following, in trust as to the shares of my children,
Laura, Angelica, George L., Anne, Carvel and Louisa,
for them, their heirs, personal representatives and
assigns, subject, however, to the repayment to my
estate by deduction from their respective shares or
otherwise of the following sums advanced to certain
of my children, to wit: to my daughter Laura Six
Hundred dollars, to my daughter Angelica Twelve
hundred dollars, to my son George L. Five thousand
dollars; and in trust as to the share of my son William
for him during his lifetime, and from and after his
death in trust for my three youngest children, Anne,
Carvel and Louisa, the survivors or survivor of them,
their heirs, personal representatives and assigns, and
the heirs, personal representatives and asigns of the
survivors or survivor of them; subject, however, to
the repayment to my estate by deduction from his
share or otherwise, by my said son William of the sum
of Two thousand dollars advanced by me to him at
various times; and in trust as to the share of my
grandson, W. Carvel Hall, for him, his heirs, per-
sonal representatives and assigns, but in case of his
death without leaving issue living at the time of his
death, then in trust for his father, W. Carvel Hall,
during his lifetime, and from and after his death
in trust for my three youngest children, Anne, Carvel
and Louisa, the survivors or survivor of them, their
heirs, personal representatives and assigns, and the
heirs, personal representatives and assigns of the sur-
vivors or survivor of them; subject, however, to the
repayment to my estate by deduction from my said
Grandson's share or otherwise of the sum of three

thousand dollars advanced by me to his mother, my late daughter Agnes.

"I direct that the share of each of my daughters shall be for her sole and separate use free from control, debts or engagements of her husband. In case of the death of any of my children, Laura, Angelica, George L., Anne, Carvel, or Louisa, without leaving issue living at the time of his or her death, the share or shares of the one or more so dying shall be held in trust for my surviving children and my Grandson upon the same trusts that are hereinbefore declared as to the original share of each.

"I authorize and empower my said Trustees and the survivor of them, and their successors in the trust, at all times during the continuance of the trust hereby created, to change the investment of the trust fund or any part thereof, and for that purpose to sell, lease, mortgage or otherwise dispose of the whole or any part of the property hereby devised in trust, and to execute the necessary conveyances thereof and proper receipts and acquittances for the purchase money, and the proceeds thereof to reinvest and from time to time to change the investment thereof, the purchasers or purchaser in no event to be responsible for the application of the purchase money.

"I nominate and appoint Alexander Randall, of Annapolis, and E. Wyatt Blanchard, of Baltimore City, to be the Executors of this my last will and testament, hereby revoking all other wills by me heretofore made.

"In testimony whereof, I have hereunto subscribed by name and affixed my seal on this third day of November, in the year of our Lord one thousand eight hundred and seventy-one.

"Alexander C. Robinson. (Seal)

"Signed, sealed, published and declared by Alexander C. Robinson, the above named Testator, as and for his last will and testament in the presence of us,

who, at his request, in his presence, and in the presence of each other have subscribed our names as witnesses hereto.

> "John C. Backus.
> "Cary B. Gambes.
> "James A. Buchanan."

Ever since 1873 the trusts created by the will have been administered by the trustees under the jurisdiction of the Circuit Court of Baltimore City, and the present trustees are W. Hall Harris and Francis Nash Iglehart. Dr. Robinson was married twice, and Laura R. Atkinson, Angelica E. Gamble, William W. Robinson, George L. Robinson and Agnes Wirt Hall, who died a few months before the testator leaving a son, the said William Carvel Hall, were the issue of the first marriage, and Anne Calhoun Iglehart, Carvel Hall Robinson and Louisa Hall Robinson were the issue of the second. Laura W. Robinson (Mrs. Atkinson), a child of the first marriage, Anne Calhoun Robinson, Carvel Hall Robinson and Louisa Hall Robinson, children of the second marriage, and his grandson, William Carvel Hall, who was then only about two years old, were living with the testator at the time of his death. Mrs. Robinson, the testator's widow, died in January, 1901. George L. Robinson died in September, 1873, intestate and leaving one son, Arthur W. Robinson, who received his father's share of the trust estate and executed a release therefor. Carvel Hall Robinson died in July, 1882, without leaving issue. William W. Robinson died in April, 1890, without leaving any issue. William Carvel Hall, the testator's grandson, died in April, 1908, leaving a widow and five children, and leaving a last will and testament, which was duly admitted to probate and by which he gave all of his property and estate to his widow. Laura R. Atkinson died in April, 1920, without leaving issue. Mrs. Gamble, who is a widow and has no children, Anne Calhoun Iglehart, who is a widow and has two children now living, and Louisa Hall Robinson, who is unmarried, are the only living children of the testator.

It appears from the evidence in the case that the distributive shares of the beneficiaries under the will. were determined by a decree of the Circuit Court of Baltimore City passed in 1876, and that the income has since been distributed accordingly; that George L. Robinson's share of the trust estate was, as we have said, paid to his son, Arthur W. Robinson, who executed a release therefor; that Carvel Hall Robinson's share of the income was added to the shares of the surviving children and grandson of the testator; that William W. Robinson's share of the income was added to the shares of the survivors of the testator's three youngest children; that W. Carvel Hall's share of the income has, since his death, been paid to his widow as the guardian of his infant children and as the agent of those that were of age, his said widow desiring to waive her interest in their favor; that Mrs. Atkinson's share has, since her death in 1920, been kept by the trustees "in special deposit in the Savings Bank account pending the determination of" the questions raised in this case; that the trust estate consists mainly of two pieces of improved "fee simple property" and "a number of ground rents in Baltimore City"; that said real estate is not susceptible of partition in kind without loss and injury to the parties interested, but that, in the opinion of the trustees, it "would be detrimental to the estate and the interests of those concerned" to make sale of the trust estate for the purpose of "paying such interest as may be decreed to be separated from the trust" estate, and that the trustees "believe that funds necessary for that purpose could readily and advantageously be obtained without making such sales."

On the 4th of March, 1921, the widow of William Carvel Hall, "individually and as executrix of" his will, and his five children, and the husbands of the two married daughters, filed a petition in the Circuit Court of Baltimore City, in the case in which the trust estate is being administered, against the trustees, the surviving children of the testator, and other parties interested in the estate, setting out the facts to which we have referred, alleging that the petitioners

are entitled under the will of Dr. Robinson to participate in the share of his estate which was held in trust for Mrs. Atkinson because of the limitation over of said share to the surviving children of the testator and his grandson, William Carvel Hall, and that the word "surviving" used in the will is applicable to the children of the testator, but not to his grandson, and praying (1) that the court assume jurisdiction in the premises and determine what shares of the trust estate the petitioners are entitled to receive, and whether or not they are entitled to participate in the shares of such of the surviving children of the testator as may hereafter die without leaving issue. (2) That the trustees be authorized and directed to pay to the petitioners, accounting from the death of Laura R. Atkinson, one-fourth of the share of the net income from the said trust estate which the said Laura R. Atkinson was entitled to receive at the time of her death. (3) That the real estate and property held in trust under the terms of the will may be sold in order that the proceeds may be divided among those "now entitled to receive the same"; and (4) for general relief.

The petition was answered by all of the defendants, and the court below, construing the will of Dr. Robinson, decreed (1) that under the limitation over, upon the death of any of the six children named by the testator without leaving issue, to the surviving children of the testator and his grandson, the share of Mrs. Atkinson (including the share which accrued to her at the death of Carvel Robinson without issue) devolved in equal shares upon the surviving children of the testator, viz., Mrs. Gamble, Mrs. Iglehart, and Louisa Hall Robinson, and "the representatives" of the testator's grandson, William Carvel Hall. (2) That the effect of such limitation over to the "surviving" children of the testator and his grandson was to exclude any of the children that were dead at the time of the death of Mrs. Atkinson, and their representatives, but that the expression "surviving" was not applicable to the testator's grandson, William Carvel Hall, "as a beneficiary under the limitation

over of said share." (3) That the interests in the share of Mrs. Atkinson so accruing to Mrs. Gamble, Mrs. Iglehart, and Louisa Hall Robinson "is subject to the same limitation over in the event of their respective deaths without leaving issue living, as their original shares, but that the accrued share which has so vested in the representatives" of William Carvel Hall is no longer subject to any limitation over. (4) That William Carvel Hall, his heirs, personal representatives and assigns, became entitled to an equitable estate in fee simple in the real estate held in trust under the will, and an absolute equitable estate in the personal property so held in trust, subject to be "defeated only by his having died without issue," both in respect to his original share "and with respect to such parts of any other shares as have accrued to him or his representatives by reason of the death of any children of said testator without leaving issue; as well as with respect to such shares as may similarly accrue in the future by reason of the death of any of the now surviving children of said testator without leaving issue," but that inasmuch as the widow of William Carvel Hall, as sole devisee under his will, has renounced in favor of her children, said children are now entitled to said shares absolutely, and to receive the same free of any further trust. The decree then provides how the share to which the children of William Carvel Hall are now entitled shall be ascertained; directs that the income from the share of Mrs. Atkinson, which has been retained by the trustees since her death, be distributed in equal amounts of "one-fourth each" to Mrs. Gamble, Mrs. Iglehart, and Louisa Hall Robinson, and one-fourth to the five children of William Carvel Hall, and further provides as follows:

"5. That in order to avoid if possible the sale of the real estate now held by the trustees under said will, said trustees are hereby authorized and directed to have an appraisement of all of the items of property now held in trust under said will made, by two competent appraisers, and to report the appraise-

ment and valuation so made, together with such plan as they may recommend for setting apart and paying over in cash or otherwise the share or shares which said representatives of W. Carvel Hall, deceased, are now entitled to receive; and that notice be given upon the filing of such report to the solicitors of the parties, petitioners and respondents, under said petition; and that unless objection be made within ten days thereafter the same may be ratified by this court and the trustees authorized and directed to proceed t: carry out the same.

"6.   That unless such share or shares shall be s ) set apart, the real estate and property now held in trust by said trustees shall be sold by said trustees; and jurisdiction is hereby reserved for the purpose of passing such further decree or order as may be necessary to fix the terms and manner of said sale, as well as for the purpose of carrying out any of the terms and provisions of this decree."

The present appeal is from the decree referred to, but the only part of it to which any objection is made is the part which adjudges that the petitioners, the five children of William Carvel Hall, the testator's grandson, are entitled to participate in Mrs. Atkinson's share of the trust estate, and the shares of any of the now surviving children of the testator who may die without leaving issue.

The contention of the appellees, and the conclusion reached by the learned court below is that, in the provision of the will: "In case of the death of any of my children, Laura, Angelica, George L., Anne, Carvel or Louisa, without leaving issue living at the time of his or her death, the share or shares of the one or more so dying shall be held in trust for my surviving children and my grandson upon the same trusts which are hereinbefore declared as to the original share of each," the word "surviving" applies to said children of the testator, but not to his grandson, and that, while the representatives of any of said children cannot partici-

pate in the share of a child dying without issue, the representatives of the grandson of the testator may. If this is the true construction of Dr. Robinson's will, it must be so because it is in accordance with his intention as gathered from the whole will.

At the time of the execution of the will and at the time of his death, a few days later, the testator had seven children and a grandson about two years old, the son of a daughter who had died about two months before, and this grandson, his daughter, Laura Wirt Robinson, a child of the first marriage, and his three youngest children were living with him. By his will, after a few specific bequests and a provision for his wife during her life, the testator devised and bequeathed his entire estate to trustees to be held in trust for his seven children and grandson, "share and share alike." He directed that the amounts advanced to his children should be deducted from their respective shares, and that the sum of three thousand dollars advanced to his daughter, Agnes, the mother of his grandson, should be deducted from his grandson's share. The shares of his children, Laura, Angelica, George L., Anne, Carvel, and Louisa, were to be held in trust for them, their heirs, personal representatives, and assigns. The share of his son, William, was to be held in trust for him during his natural life, and after his death in trust for his three youngest children, "the survivors or survivor of them, and the heirs, personal representatives, and assigns of the survivors or survivor of them," and the share of his grandson, William Carvel Hall, was to be held in trust for him, his heirs, personal representatives, and assigns, but in case of his death without leaving issue living, then in trust for his father during his life, and after his death in trust for the testator's three youngest children, etc. It thus appears that after suitable provision for his wife the objects of the testator's bounty were his children; that he treated his grandson as representing his daughter, Agnes, who, as we have said, had been dead only a few months, and as one of his children, and that his pur-

pose was to give to each of his children, including said grandson, an equal share of his estate, the only preference being in favor of his three youngest children with respect to the share of his son, William.

It was conceded that, under the limitation over, upon the death of any of the six children named without leaving issue, only the surviving child or children of the testator can take the share of the one so dying, and that the representatives of a deceased child are excluded from participation therein, and yet, notwithstanding the evident purpose of the testator to make equal provision for his children, and to treat his grandson as one of them, the appellees claim that they, as the representatives of the grandson, may under said limitation participate in the share of a child so dying. There is nothing in the will to suggest that the testator preferred the children of his grandson to the representatives of his own children, or that he intended to create such a preference in favor of the children or the representatives of his grandson. On the contrary, the will clearly evidences his intention and purpose to treat all his children, including his grandson, as one of them, and their heirs and representatives, alike, with the exception of the preference referred to in favor of his three youngest children. With this purpose and intention of the testator made manifest by the terms of the whole will, we would not be justified in giving the clause in question a construction that would be destructive of the equality of distribution intended to be preserved, and establish a preference in favor of the representatives of his grandson to those more nearly related to the testator, viz., the representatives of his own children.

Counsel for the appellees relies upon the case of *Perin* v. *Perin,* decided at the April Term, 1921, of this Court, and reported in 139 Md. 281. There Mr. Perin gave his wife a life estate in all of his property, and by the third clause of his will provided as follows: "Third—The life estate of my said wife shall continue during her widowhood, and should she marry, then said life estate shall terminate. It

is my will and I so devise that my said estate shall be divided equally among my surviving children and said Ella K. Perin (his wife). The children or descendants of any child shall be considered as taking its or their parent's share." It was contended by the defendants that the limitation to Mrs. Perin in remainder was only in the event of her remarriage, but the Court said in reference to that part of the case: "Our conclusion on this branch of the case is that the testator intended Mrs. Perin to have his entire estate so long as she remains his widow, and a vested remainder in a share of his estate equal to the shares of his children." The precise question raised in the present appeal was not discussed by the Court in that case, and it is apparent that the words "my surviving children and said Ella K. Perin" could not have been strictly applied even to the children of the testator, because the will expressly provided that the "children or descendants of any child shall be considered as taking its or their parent's share." But apart from that feature of the case, it was conceded by the defendants that Mrs. Perin would take a vested remainder in the event of her remarriage, and hence the word "surviving" could not have been intended to apply to her. In the present case we think it equally apparent that the testator intended to give each of his children and his grandson, and their respective heirs, personal representatives, and assigns, an equal share of his estate, and that in the limitation over upon the death of any of the children named without leaving issue, he did not intend to prefer the children of his grandson to the representatives of his own children.

We cannot treat the grammatical construction of the words "my surviving children and my grandson" as controlling, when the intention of the testator as gathered from the whole will requires a different construction. *Dulany* v. *Middleton,* 72 Md. 67. The word "surviving" is frequently employed to qualify two nouns, as in the case of *Wilson* v. *Bull,* 97 Md. 128, where the language of the will was, "his, her or their surviving brothers or brother and sisters or sister," and "my

surviving child or children." See also *Henderson* v. *Hender-son*, 64 Md. 185, and *Burden* v. *Burden*, 130 Md. 551. If the language of Dr. Robinson's will had been "my surviving children and grandson" it would have been more like the provision in *Wilson* v. *Bull, supra,* and there would probably have been no question in regard to the testator's intention. The mere repetition of the word "my" in the will in the present case cannot, under the circumstances, determine the construction of the words used, and we must hold in this case that the word "surviving" applies to both the children and grandson of the testator, and as the grandson did not survive Mrs. Atkinson, his representatives cannot, under the clause in question, participate in her share of the trust estate, or in the shares of the testator's children now living.

Paragraph 5 of the decree, which we have quoted, does not make final disposition of the interests of any of the parties interested in the estate, and as we have disposed of the only objection made to the decree and as it does not appear to be open to any other objection, the decree appealed from must be modified to the extent of decreeing that the petitioners, appellees, are not entitled, under the limitation over referred to, to participate in the share or shares of the trust estate to which Mrs. Atkinson was entitled, or in the shares of any of the children of the testator now living who may die without leaving issue.

> *Decree affirmed in part and reversed in part, and cause remanded in order that the decree of the court below may be modified in accordance with the opinion of this Court, the costs in this Court to be paid out of the principal of the entire trust estate, and the costs in the court below to be paid as provided by its decree.*

ADKINS, J., dissents.