NELSON ET AL. *v.* IGLEHART ET AL.
(Two Appeals in One Record)

[No. 161, October Term, 1953.]

*Decided June 25, 1954.*

The cause was argued before DELAPLAINE, COLLINS and HENDERSON, JJ.

*Joseph T. Brennan, 2nd,* and *D. Sylvan Friedman,* with whom was *Joshua W. Miles* on the brief, for the appellants.

*Ambler H. Moss,* with whom were *William A. Fisher, Jr.,* and *Semmes, Bowen & Semmes* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

This proceeding was brought in the Circuit Court of Baltimore City to construe the will which was made

132

by Dr. Alexander C. Robinson, of Baltimore, on November 3, 1871.

Dr. Robinson died on November 10, 1871. He was survived by his widow, M. Louisa Robinson, seven children, Laura, Angelica, William, George L., Anne, Carvel and Louisa Hall Robinson, and a granddaughter and grandson, who were the children of a deceased daughter.

The Court was asked to construe the residuary clause of the will, which provides as follows:

"All the rest and residue of my estate real personal and mixed, I give devise and bequeath to Alexander Randall of Annapolis and E. Wyatt Blanchard of Baltimore City their heirs executors administrators and assigns as joint tenants; In Trust nevertheless to permit my wife M. Louisa Robinson to receive the rents and income of one third part thereof during her natural life, and from and after her death in trust for my children and grandson in the same manner as is hereinafter provided as to the remaining two thirds of said trust estate; And in trust as to the remaining two thirds for my children Laura, Angelica, William W., George L., Anne, Carvel, and Louisa and my grandson W. Carvel Hall share and share alike in the manner and upon the conditions following in trust as to the shares of my children Laura, Angelica, George L., Anne, Carvel and Louisa for them their heirs personal representatives and assigns, * * * and in trust as to the share of my son William for him during his life time, and from and after his death, in trust for my three youngest children Anne, Carvel and Louisa, the survivors or survivor of them their heirs personal representatives and assigns and the heirs personal representatives and assigns of the survivors or survivor of them; * * * and in trust as to the share of my grandson

W. Carvel Hall for him his heirs personal representatives and assigns, but in case of his death without leaving issue living at the time of his death, then in trust for his father W. Carvel Hall during his life time, and from and after his death in trust for my three youngest children Anne, Carvel and Louisa the survivors or survivor of them, their heirs, personal representatives and assigns, and the heirs, personal representatives and assigns of the survivors or survivor of them; * * *

"I direct that the share of each of my daughters shall be for her sole and separate use free from the control debts or engagements of her husband. In case of the death of any of my children, Laura, Angelica, George L., Anne, Carvel or Louisa, without leaving issue living at the time of his or her death, the share or shares of the one or more so dying shall be held in trust for my surviving children and my grandson upon the same trusts that are hereinbefore declared as to the original share of each."

The Circuit Court assumed jurisdiction of the trusts in 1873. Since that time the two original trustees and their successors have administered the trusts under the direction of the Court.

George L. Robinson died in 1873 intestate leaving issue.

Carvel Robinson died in 1882 without issue.

William Robinson died in 1890 without issue.

The testator's widow died in 1901.

W. Carvel Hall, grandson of the testator, died in 1908 leaving issue.

Laura R. Atkinson, daughter of the testator, died in 1920 without issue.

In 1922 the Court of Appeals construed the residuary clause of Dr. Robinson's will in the case of *Iglehart v. Hall*, 140 Md. 293, 117 A. 889. It was there held that the grandson's children did not take any share in the

estate held for the benefit of Mrs. Atkinson, as she died after the death of the grandson.

Mrs. Angelica Gamble, daughter of the testator, died in 1921 without issue. Her share was added to the estates of her sisters, Mrs. Anne Iglehart and Louisa Hall Robinson.

Mrs. Iglehart died in 1938 leaving issue. Her share thus belonged to her estate.

The income from the remaining trust estate was paid to Louisa Hall Robinson, the last survivor, who died on September 30, 1950, without issue.

In June, 1952, W. Hall Harris, Jr., and Hall Hammond, the incumbent trustees, petitioned the Court to further construe Dr. Robinson's will and direct final distribution. They asked the Court whether the remaining estate should be distributed to those who take under Miss Robinson's will, which has been probated in the Orphans' Court of Baltimore City, or to those who would inherit from the heirs and next of kin of Dr. Robinson. They reported that if the Court should decide that the remaining estate, which they were holding in trust, passed under the intestacy laws to the heirs and next of kin of Dr. Robinson, they believed it should be distributed to those who would inherit from the heirs and next of kin in the proportion of 39.2 per cent realty and 60.8 per cent personalty.

The chancellor ruled that there was no intestacy, but that the estate which the trustees had been holding for Miss Robinson was her absolute property, which was not subject to a defeasance because she was the last survivor. He accordingly entered a decree adjudging that the trust terminated upon the death of Miss Robinson on September 30, 1950, and directing the trustees to deliver the trust estate to those entitled to it under Miss Robinson's will.

Appellants, in attacking the decree, contended that Dr. Robinson did not contemplate the contingency that his last surviving child would die without issue, and that, upon the death of Louisa Hall Robinson without

issue, there was an intestacy as to the remaining estate held in trust for her. They claimed that this estate passed to those who inherit from those who were the heirs and next of kin of Dr. Robinson at his death on November 10, 1871.

Appellants relied on *Marbury v. Bouse*, 187 Md. 106, 48 A. 2d 582, 166 A. L. R. 1272. In that case the Court followed the rule that where a will is so worded that a gift to a group of beneficiaries, with a gift over of the share of any one who dies to the survivors, does not vest an absolute estate or interest in the members of the group in the first instance, as where it is to such members for life only, the court should find that the testator made no provision for the contingency of the death of the last survivor, and consequently the last survivor's share passed at his death as intestate property or under the residuary clause, depending upon whether the will contains such a clause and whether, if it does, the gift to the group was itself of the residue of the estate. The theory of this rule is that a person cannot be said to survive himself, and hence the last survivor cannot at his death bring himself within the description established by the testator for those who were to take under the gift over.

But it is also an established rule in this State that where a will leaves property to a group of beneficiaries with a gift over to surviving members of the group upon the death of any member thereof, and the language of the will is such as to indicate the testator's intention that the members of the group take an absolute estate in the first instance, subject to a defeasance upon their death leaving surviving members, the limitation over becomes impossible of application with respect to the last survivor, because in respect to him there is no person who can fill the description of "survivor," and consequently the last survivor takes a fee simple or absolute estate in his share.

This rule was adopted in *Anderson v. Brown*, 84 Md. 261, 35 A. 937. In that case the testator devised prop-

erty to his widow for life, and after her death to his children, their heirs and assigns, and stipulated that in case of the death of any of the children without issue, the share of the child so dying should pass to the survivor or survivors. The Court held (1) that each child took a fee simple estate, which was defeasible upon his or her death without issue, in which event his or her share passed to the survivor or survivors; and (2) that the last survivor took the estate absolutely.

We reaffirm the rule adopted in *Anderson v. Brown.* The distinction between a case like this and such cases as *Marbury v. Bouse* has been recognized by many English and American decisions. *Benn v. Dixon,* 16 Sim. 21, 60 Eng. Reprint 780; *Re Corbett,* Johns. V. C. 591, 70 Eng. Reprint 555; *Re Hayes,* 9 Jur. N. S. 1068; *Davidson v. Kimpton,* L. R., 18 Ch. Div. 213; *Steele v. Crute,* 208 Ala. 2, 93 So. 694; *Cooper v. Hayes,* 96 Ind. 386; *Gorham v. Betts,* 86 Ky. 164, 5 S. W. 465; *Louisville Driving & Fair Ass'n v. Louisville Trust Co.,* 16 Ky. L. Rep. 689, 29 S. W. 866; *Dowling v. Reber,* 65 Miss. 259, 3 So. 654; *Armstrong v. Thomas,* 112 Miss. 272, 72 So. 1006; *Den ex dem. Van Middlesworth v. Schenck,* 8 N. J. L. 29; *Groves v. Cox,* 40 N. J. L. 40; *Reynolds v. Crispin,* 8 Sadler 252, 11 A. 236; *Lowry v. O'Bryan,* 25 S. C. Eq. 262, 57 Am. Dec. 727; *Smith v. Smith,* 112 Va. 617, 72 S. E. 119.

In examining the will now before us, we find a significant contrast between the language used in making the gifts to the widow and the one son, William, and the language used in making the gifts to the other six children and the grandson. The gift to the widow was "during her natural life," and the gift to William was "during his life time." But the gifts to the other six children and the grandson were made to them, "the survivors or survivor of them, their heirs, personal representatives and assigns, and the heirs, personal representatives and assigns of the survivors or survivor of them."

This explicit language compels a finding that the six children and the grandson were given fee simple estates in realty and absolute interests in personalty defeasible upon the death of any one without issue and his leaving survivors or a survivor of the group designated to take limitation over. We must therefore apply the rule adopted in *Anderson v. Brown.*

Hence, we cannot accept the contention of appellants that, at the death of Miss Robinson, the last survivor of the testator's children, the estate held in trust for her passed under the intestacy laws to the heirs and next of kin of Dr. Robinson. We must hold that this trust estate, including both Miss Robinson's original share and the accruals by survivorship, passed at her death to those who take under her will.

*Decree affirmed, the costs to be paid out of the trust estate.*